## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

    Plaintiff,        Civil Action No.
                2:22-cv-11191-GAD-CI

 v.

EES COKE BATTERY, LLC

    Defendant.


## ANSWER TO COMPLAINT

COMES NOW Defendant EES COKE BATTERY, LLC ("EES Coke"), by and through its attorneys of record, and hereby responds to Plaintiff UNITED STATES OF AMERICA's Complaint as follows:

### NATURE OF THE ACTION

1. EES Coke admits the first sentence of Paragraph 1 of the Complaint. EES Coke further admits that the facility is located on Zug Island. EES Coke denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. EES Coke admits that the State of Michigan issued an air permit in 1990 that contained provisions covering certain aspects of EES Coke's operations and emissions at the facility. EES Coke denies the remaining allegations in Paragraph 2 of the Complaint.

3.      EES Coke admits that it sought amendments to its permit in 2014 that included the removal of a limit on the heat input from coke oven gas ("COG") combusted at the underfire.  EES Coke admits that it projected emissions and determined that there would not be a significant emissions increase of $SO_2$ or $PM_{2.5}$ as defined by the Michigan New Source Review regulations.   EES Coke denies the remaining allegations in Paragraph 3 of the Complaint.

4.      EES Coke denies the allegations in Paragraph 4 of the Complaint.

5.      EES Coke denies the allegations in Paragraph 5 of the Complaint.

6.      EES Coke denies the allegations in Paragraph 6 of the Complaint.

7.      EES Coke admits that $SO_2$ can be harmful to human health and the environment at high concentrations depending on a multitude of factors.  EES Coke further admits that $SO_2$ can combine with other elements under certain circumstances to form particulate matter.  EES Coke denies the remaining allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 8 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 8.

9.     The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 9 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 9.

**JURISDICTION AND VENUE**

10.     The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 10 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 10.

11.     EES Coke admits that it operates the facility at issue within the District of the United States District Court for the Eastern District of Michigan.  The remaining allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 11 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any remaining factual allegations in Paragraph 11.

**NOTICES**

12.     EES Coke admits that EPA issued a Notice and Finding of Violation on September 16, 2020.  EES Coke is without knowledge or information as to the remaining allegations in Paragraph 12, and therefore denies them.

13.     EES Coke is without knowledge or information to respond to the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     EES Coke admits that 30 days elapsed between the issuance of the Notice of Violation and the commencement of this action.  The remaining allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 14 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.   EES Coke denies any remaining factual allegations in Paragraph 14.

**AUTHORITY**

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 15 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 15.

**DEFENDANT**

16.     EES Coke admits the first sentence of Paragraph 16 of the Complaint.

EES Coke further admits that its ultimate corporate parent company is DTE

Energy Co.  EES Coke denies the remaining allegations in Paragraph 16 of the

Complaint.

17.     EES Coke admits the allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint state legal

conclusions to which no response is required.  To the extent that the allegations in

Paragraph 18 mischaracterize, deviate from, or contradict the applicable laws or

regulations, EES Coke denies them.  EES Coke denies any factual allegations in

Paragraph 18.

**STATUTORY AND REGULATORY BACKGROUND**

19.     The allegations in Paragraph 19 of the Complaint state legal

conclusions to which no response is required.  To the extent that the allegations in

Paragraph 19 mischaracterize, deviate from, or contradict the applicable laws or

regulations, EES Coke denies them.  EES Coke denies any factual allegations in

Paragraph 19.

**National Ambient Air Quality Standards**

20.     The allegations in Paragraph 20 of the Complaint state legal

conclusions to which no response is required.  To the extent that the allegations in

Paragraph 20 mischaracterize, deviate from, or contradict the applicable laws or

regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 20.

21. The allegations in Paragraph 21 of the Complaint state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 21 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 21.

22. EES Coke admits that the Coke Oven Battery is located in Wayne County, Michigan. EES Coke further states that the Federal Register documents cited speak for themselves and are the best evidence of their contents. EES Coke denies the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 23 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 23.

**Prevention of Significant Deterioration Requirements**

24. The allegations in Paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 24 mischaracterize, deviate from, or contradict the applicable laws or

regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 24.

25.    The allegations in Paragraph 25 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 25 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 25.

26.    The allegations in Paragraph 26 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 26 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 26.

27.    The allegations in Paragraph 27 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 27 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 27.

28.    The allegations in Paragraph 28 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 28 mischaracterize, deviate from, or contradict the applicable laws or

regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 28.

29.     The allegations in Paragraph 29 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 29 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 29.

30.     The allegations in Paragraph 30 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 30 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 31 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 32 mischaracterize, deviate from or contradict the

applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 33 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 34 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 34.

35.     The allegations in Paragraph 35 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 35 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 35.

**Nonattainment New Source Review Requirements**

36.     The allegations in Paragraph 36 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the

allegations in Paragraph 36 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 36.

37.    The allegations in Paragraph 37 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 37 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 37.

38.    The allegations in Paragraph 38 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 38 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 38.

39.    The allegations in Paragraph 39 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 39 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 39.

40.    The allegations in Paragraph 40 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the

allegations in Paragraph 40 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 40.

41.     The allegations in Paragraph 41 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 41 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 41.

42.     The allegations in Paragraph 42 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 42 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 42.

43.     The allegations in Paragraph 43 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 43 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 43.

44.     The allegations in Paragraph 44 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the

allegations in Paragraph 44 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 44.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 45 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 45.

**New Source Review Recordkeeping and Reporting Requirements**

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 46 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 47 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 47.

48.     The allegations in Paragraph 48 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 48 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 48.

## ENFORCEMENT PROVISIONS

49.     The allegations in Paragraph 49 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 49 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 49.

50.     The allegations in Paragraph 50 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 50 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 50.

51.     The allegations in Paragraph 51 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 51 mischaracterize, deviate from or contradict the

applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 51.

**GENERAL ALLEGATIONS**

**The Coke Oven Battery**

52.     EES Coke admits the allegations in Paragraph 52 of the Complaint.

53.     EES Coke admits the allegations in the first sentence of Paragraph 53 of the Complaint.  EES Coke further admits that coke oven gas combusted at the battery underfire is "underfire combustion."  EES Coke denies the remaining allegations in Paragraph 53 of the Complaint.

54.     EES Coke denies the allegations in Paragraph 54 of the Complaint.

55.     EES Coke admits the allegations in Paragraph 55 of the Complaint.

56.     EES Coke admits that it submitted information to the State that reflected that the Coke Oven Battery emitted 3,608 tons of $SO_2$ in 2021.  EES Coke denies the remaining factual allegations in Paragraph 56.

57.     The allegations in Paragraph 57 of the Complaint state legal conclusions, which do not require an admission or denial.  To the extent that the allegations in Paragraph 57 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies any factual allegations in Paragraph 57.

58. The allegations in Paragraph 58 of the Complaint state legal conclusions, which do not require an admission or denial. To the extent that the allegations in Paragraph 58 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them. EES Coke denies any factual allegations in Paragraph 58.

**Permitting History**

59. EES Coke admits that the owner sought a permit to rebuild the No. 5 Coke Oven Battery in the late 1980s. EES Coke denies the remaining allegations in Paragraph 59.

60. EES Coke admits that it sought amendments to its permit in 2014 that included the removal of a limit on the heat input from COG combusted at the underfire. EES Coke admits that it projected emissions and determined that there would not be a significant emissions increase of $SO_2$ or $PM_{2.5}$ under the applicable New Source Review regulations. EES Coke denies the remaining allegations in Paragraph 60.

61. EES Coke admits that, as part of its 2014 permit application, it submitted information concerning the baseline and projected emissions for $SO_2$ from the Coke Oven Battery Unit. EES Coke admits that it estimated the unit's baseline emissions were 2,039 tons per year of $SO_2$ and projected the unit's future $SO_2$ emissions would be 3,117 tons per year. EES Coke admits that it accurately

determined that virtually all increased emissions are excludable for purposes of New Source Review.  EES Coke admits that Michigan issued the 2014 permit that included the removal of a limit on the heat input from COG combusted at the underfire.  EES Coke denies the remaining allegations in Paragraph 61.

**Pollution Data**

62.     EES Coke admits that it has provided emissions data for the Coke Oven Battery to the United States.  EES Coke denies the remaining allegations in Paragraph 62.

63.     EES Coke admits that emissions data show that $SO_2$ emissions in some years after the permit change were higher than originally projected, primarily due to an increased amount of excludable emissions. EES Coke states that it has complied with all $SO_2$ emission limits included in its 2014 permit, including the $SO_2$ emissions limit on underfire combustion. EES Coke denies the remaining allegations in Paragraph 63.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Major Modification under PSD and Nonattainment NSR)**

64.     EES Coke repeats and incorporates each of its responses to the allegations contained in Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     EES Coke admits that it sought and obtained amendments to its permit in 2014 that included the removal of a limit on the heat input from COG

combusted at the underfire.  The remaining allegations contained in Paragraph 65 of the Complaint state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 65 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies the remaining factual allegations in Paragraph 65.

66.     EES Coke denies the allegations in Paragraph 66 of the Complaint, including each of its subparts.

67.     EES Coke denies the allegations in Paragraph 67 of the Complaint.

68.     EES Coke denies the allegations in Paragraph 68 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Reasonable Possibility Emissions Reporting)

69.     EES Coke repeats and incorporates each of its responses to the allegations contained in Paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70.     EES Coke admits that it sought and obtained amendments to its permit in 2014 that included the removal of a limit on the heat input from COG combusted at the underfire. EES Coke denies the remaining allegations in Paragraph 70 of the Complaint.

71.     EES Coke admits that the permit record indicates that post-change reports were not required.  The remaining allegations in Paragraph 71 of the Complaint state legal conclusions to which no response is required. To the extent

that the allegations in Paragraph 71 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies the remaining factual allegations in Paragraph 71.

72.    EES Coke admits that emissions in some years after the 2014 permit exceeded the baseline emissions and differed from its projections in the 2014 permitting process. The remaining allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 72 mischaracterize, deviate from or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies the remaining factual allegations in Paragraph 72.

73.    EES Coke admits that it submitted a letter on November 20, 2020, to the State concerning calendar years 2018 and 2019.  EES Coke admits that it received a notice of violation dated September 16, 2020.  The remaining allegations in Paragraph 73 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 73 mischaracterize, deviate from, or contradict the applicable laws or regulations, EES Coke denies them.  EES Coke denies the remaining factual allegations in Paragraph 73.

74.    EES Coke denies the allegations in Paragraph 74 of the Complaint.

75.    EES Coke denies the allegations in Paragraph 75 of the Complaint.

No response is necessary to Plaintiff's Prayer for Relief. To the extent that a response is required, EES Coke denies that Plaintiff is entitled to any relief whatsoever.

EES Coke denies all allegations in the Complaint not specifically admitted, including, but not limited to, all headings used in the Complaint, which are repeated in this Answer merely for ease of reference.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. The claims asserted and relief sought by the Plaintiff are barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD DEFENSE

3. Plaintiff's claims and relief sought are barred, in whole or in part, by laches.

### FOURTH DEFENSE

4. The claims asserted and relief sought in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**

5. The claims asserted and relief sought in the Complaint are barred, in whole or in part, by the concurrent remedy rule. Under the concurrent remedy rule, Plaintiff cannot obtain equitable relief for alleged violations when the Plaintiff's request for legal relief based on the same alleged violations is time-barred.

**SIXTH DEFENSE**

6. Plaintiff's claims for injunctive relief are barred, in whole or in part, because the equities of this matter weigh heavily against such relief.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred to the extent that they represent a collateral attack on a permit duly issued by the state of Michigan that is facially valid.

**EIGTH DEFENSE**

8. At all relevant times, EES Coke has been in compliance with all applicable and relevant provisions of the CAA, EPA's implementing regulations, the statutes, and regulations of Michigan, and the requirements and conditions of applicable and relevant Michigan permits.

**NINTH DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, because none of the alleged change in the method of operation resulted in an increase in emissions of

$PM_{2.5}$ and $SO_2$ that were not otherwise authorized or permitted under the CAA, its implementing regulations, or the relevant CAA permit.

## TENTH DEFENSE

10. Plaintiff's claims are barred, in whole or in part, because any alleged increases in emissions could have been accommodated during the baseline period and because any alleged increases in emissions were not caused by, and are unrelated to, the alleged change in operation at the facility.

## ELEVENTH DEFENSE

11. Plaintiff's claims are barred, in whole or in part, because any emissions increase is solely due to reduced demand for Coke Oven Gas from third parties rather than a result of any alleged change in operation and, at all times, EES Coke acted in accordance with all applicable regulatory requirements.

## TWELFTH DEFENSE

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to carry its burden of proving that the activities cited by the Complaint resulted in a significant emissions increase for $PM_{2.5}$ and $SO_2$ and a significant net emissions increase for $PM_{2.5}$ and $SO_2$.

### THIRTEENTH DEFENSE

13. The claims asserted and relief sought are barred, in whole or in part, because
    the CAA and implementing regulations do not prohibit continued operation
    of a source even if the source did not comply with any PSD permitting and
    Best Available Control Technology requirements at the time of construction
    or modification.

### FOURTEENTH DEFENSE

14. Plaintiff has not suffered the injuries or damages alleged or any other
    injuries or damages resulting from EES Coke's actions.

### FIFTEENTH DEFENSE

15. The claims for injunctive relief are barred, in whole or in part, because EES
    Coke is not in current violation of any applicable law.

### SIXTEENTH DEFENSE

16. Plaintiff's claims for injunctive relief are barred, in whole or in part, because
    the CAA does not authorize injunctive relief to improve general
    environmental conditions not related to EES Coke's alleged violations.

### SEVENTEENTH DEFENSE

17. To the extent certain interpretations of the relevant Michigan PSD and Title
    V requirements now espoused by Plaintiff in this litigation are unsupported

by and inconsistent with Michigan's interpretation of Michigan's own rules,

Plaintiff's interpretations fail and are not enforceable.

## EIGHTEENTH DEFENSE

18. Plaintiff's claims are barred, in whole or in part, because the CAA, its

implementing regulations, concurrent Michigan statutes and regulations, and

the provisions of the permit issued to EES Coke are inconsistent, vague, and

do not provide fair notice of the interpretations of law now advanced in the

Complaint.

## NINETEENTH DEFENSE

19. The fines and forfeitures sought by Plaintiff in this case fail to bear a

relationship to the gravity of the alleged offenses and are grossly

disproportional. For this and other reasons, Plaintiff unlawfully seeks to

impose an excessive fine in violation of the 8th Amendment to the

Constitution of the United States.


EES Coke reserves its right to amend its Answer and Affirmative Defenses

as discovery progresses to revise its defenses or plead additional defenses.


**WHEREFORE**, Defendants respectfully ask that the Court (1) Dismiss the

Plaintiff's Complaint, with prejudice, for the reasons set forth in Defendant's

Answer; (2) Award Defendants their costs of litigation, including reasonable attorneys' and expert fees, pursuant to 42 U.S.C. 7413(b); and (3) Grant such other and further relief as the Court deems appropriate.

Dated:  August 19, 2022

Respectfully submitted,

/s/ Makram B. Jaber
Makram B. Jaber (D.C. Bar No. 458718)
Eugene E. Mathews, III (VA Bar No. 36384;
D.C. Bar No. 1022000- application pending)
McGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: 202-857-2416
F: 202-213-6404
mjaber@mcguirewoods.com
mmathews@mcguirewoods.com

Jocelyn Mitnaul Mallette (NC Bar No.
47954 -application pending)
McGUIREWOODS LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
T: 919-755-6681
F: 919-836-4037
jmallette@mcguirewoods.com

S. Lee Johnson (P48907)
Michael P. Hindelang (P62900)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
T: 313-465-7432
F: 313-465-7433
sljohnson@honigman.com
mhindelang@honigman.com

***Attorneys for EES Coke Battery, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will automatically send notification by electronic means of such filing to all counsel of record in this action pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

<u>/s/ Makram B. Jaber</u>