## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

      Plaintiff,

   v.

EES COKE BATTERY, LLC

      Defendant.

Civil Action No. 2:22-cv-11191-GAD-CI

Judge Gershwin A. Drain

Magistrate Judge Curtis Ivy, Jr.

## JOINT PRELIMINARY RULE 26(f) REPORT

Counsel for Plaintiff United States of America and Defendant EES Coke Battery, LLC (collectively "Parties") submit this Joint Preliminary 26(f) Report.

The Parties are proposing a partial discovery schedule at this time. The Parties agree that in the interest of expediting this case, discovery should commence during the pendency of the briefing of the Motion for Summary Judgment filed by the United States and the Court's consideration of the Motion. The Parties agree on the scope and sequencing of discovery for this initial period. However, the Parties do not agree on all discovery issues for the remainder of the case. Rather than present competing visions, the Parties propose to revisit the remainder of the case in approximately three and a half months, after initial document discovery has occurred and when it is possible that such discovery

and/or a ruling on the summary judgment motion will provide further direction to the Parties and eliminate some, if not all, areas of disagreement.

Therefore, the Parties propose that they submit a supplemental Rule 26(f) Report twenty-one (21) days after the Court's initial ruling[1] on the pending Motion for Summary Judgment or by January 20, 2023, whichever comes first, and be prepared to discuss further proceedings in this case at the Court's convenience thereafter.

## I.      Rule 26(f) Conference

On August 30, September 7, and September 15, 2022, counsel for the United States of America ("United States") and EES Coke Battery, LLC ("EES Coke") met by video conference regarding the plan for discovery and pre-trial case management pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 26(f)(3), the Parties hereby jointly propose the following scheduling plan.

---

[1] By initial ruling, the Parties mean a decision on the merits or a decision to postpone consideration of the merits for further discovery.

## II.    Case Background

### A.    Procedural Background

The United States filed the Complaint in this matter on June 1, 2022. EES Coke filed its Answer to the Complaint and Affirmative Defenses on August 19, 2022. The United States filed a Motion for Summary Judgment on Liability on August 30, 2022. EES Coke's response to this Motion is due October 4, 2022.

Two entities have moved to intervene as plaintiffs. On September 7, 2022, Sierra Club moved to intervene as a plaintiff. On September 9, 2022, the City of River Rouge also moved to intervene as a plaintiff. EES Coke plans to respond to those motions within the time provided by the Local Rules. The United States does not oppose the prospective intervenor motions, and does not plan to file any response.

### B.    Description of Claims

**Plaintiff's Description**. The United States alleges two violations of the New Source Review program of the Clean Air Act. First, the government alleges that EES Coke performed a major modification under the law when it sought and obtained the removal of a limit in its state air permit, resulting in an increase of sulfur dioxide pollution. A major modification requires the source to obtain New Source Review permits and install stringent pollution controls. Second, the

government alleges that EES Coke failed to provide the requisite notice of its pollution increases to the State.

The summary judgment motion seeks a finding of liability on both claims.

**Defendant's Description.** EES Coke filed its Answer to Plaintiff's Complaint on August 19, 2022. In its Answer, EES Coke denies any liability in response to the two counts alleged in Plaintiff's Complaint. EES Coke submits that at all relevant times, it has been in compliance with all applicable and relevant provisions of the Clean Air Act, the United States Environmental Protection Agency's implementing regulations, the statutes and regulations of the State of Michigan, and the requirements and conditions of applicable and relevant Michigan permits. EES Coke asserted numerous affirmative defenses to Plaintiff's claims.

EES Coke will file its response in opposition to Plaintiff's Motion for Partial Summary Judgment on or before October 4, 2022. EES opposes summary judgment on multiple substantive and procedural grounds, including but not limited to, the need to conduct discovery in this matter prior to ruling on Plaintiff's motion, and anticipates that its response in opposition will include arguments under Rule 56(d), among others.

4

## III.  Discovery Plan

### A.    Disclosures

The Parties agree to serve Initial Disclosures on or before October 14, 2022.

### B.    Subject and Timing of Discovery

Beginning October 21, 2022, the Parties may serve any Requests for Production and/or document requests to third-parties (including Rule 45 subpoenas) related to the claims and defenses of the Parties or any relevant issues in this case as part of an initial discovery phase. Absent agreement among the Parties, further discovery will not commence until the Parties submit the supplemental Rule 26(f) Report described above. By agreeing to sequence discovery in this fashion, the Parties do not waive their rights to conduct additional discovery in the future. The Parties anticipate conducting additional discovery in this matter, including but not limited to, written discovery, depositions, third-party discovery, and expert discovery.

### C.    Electronically Stored Information

The Parties have separately agreed to, for purposes of this case, an Order and Stipulation Regarding Discovery Procedure, which is attached as Exhibit A. Once approved by the Court, the Parties intend this agreement to govern the addressed discovery issues, including electronic discovery, procedures for collection and

production, and procedures for the assertion and resolution of claims of privilege

or of protection of work product and/or trial preparation materials.

### D.    Claims of Privilege

The Parties have also agreed to a Protective Order regarding confidential

information and documents, subject to the Court's approval, attached hereto as

Exhibit B. The Proposed Protective Order includes a provision that would allow a

Party filing a pleading that references or includes another Party's confidential

information without filing a motion to seal, as long as certain prerequisites are met.

*See* Ex. B ¶9(c)(ii). Further, the Parties intend that the Order and Stipulation

Regarding Discovery Procedure shall, where applicable, govern the Parties' claims

of privilege over discoverable material.

### E.    Discovery Limitations

The Parties do not propose any discovery limitations at this time, and will

revisit the issue for the supplemental 26(f) Report.

**F.    Other Orders**

The Parties do not propose any further orders, other than those described in Subsections C and D above.

## IV.    Settlement

The Parties engaged in lengthy settlement discussions prior to the filing of the Complaint in this Case. Despite reasonable efforts by both Parties, these discussions did not resolve the Parties' dispute. Accordingly, the Parties at this time respectfully believe that while referral of this Case to facilitative mediation or settlement conferences would be the preferred options for ADR, they would not be productive at this time. The Parties believe that such a referral may be most productive following the deadline for filing dispositive motions set by the Court.

Respectfully submitted on this 20th day of September, 2022.

7

Todd Kim
Assistant Attorney General
Environment & Natural
Resources Division

 s/Thomas A. Benson
Thomas A. Benson
(Mass. Bar #660308)
Samantha M. Ricci
(Cal. Bar # 324517)
Environmental Enforcement
Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5261
Thomas.benson@usdoj.gov

*Local Counsel*
Dawn N. Ison
United States Attorney
Eastern District of Michigan

Susan K. DeClercq (P60545)
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226
Susan.declerq@usdoj.gov

**Attorneys for the United States**

*s/Eugene E. Mathews, III*
Makram B. Jaber (D.C. Bar No. 458718)
Eugene E. Mathews, III (VA Bar No. 36384; D.C. Bar No. 1022000)
McGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: 202-857-2416
F: 202-213-6404
mjaber@mcguirewoods.com
mmathews@mcguirewoods.com

Jocelyn Mitnaul Mallette (NC Bar No. 47954)
McGUIREWOODS LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
T: 919-755-6681
F: 919-836-4037
jmallette@mcguirewoods.com

S. Lee Johnson (P48907)
Michael P. Hindelang (P62900)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
T: 313-465-7432
F: 313-465-7433
sljohnson@honigman.com
mhindelang@honigman.com

8

*Attorneys for EES Coke Battery, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will automatically send notification by electronic means of such filing to all counsel of record in this action pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

_s/Thomas A. Benson_
Thomas A. Benson