# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:22-cv-11191 |
| v. | ) |
| | ) Judge Gershwin A. Drain |
| EES COKE BATTERY, LLC | ) |
| | ) Magistrate Judge Curtis Ivy, Jr. |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

The parties to this Agreed Protective Order have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Scope.** Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraph 3 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 9(b). However, this Protective order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom. This Protective Order does not apply to copies obtained outside of discovery in this litigation (e.g., in investigations prior to litigation).

2. **Purpose:** The purpose of this Order is to facilitate discovery in this litigation, and it does not affect the applicability of any state of federal law regarding confidentiality of information.

3. **Designation.**

(a) If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 5. The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i) information prohibited from disclosure by statute, regulation, rule, or other law;

(ii) information that reveals trade secrets or confidential business information;

(iii) research, technical, commercial, or financial information that has been maintained as confidential;

(iv) medical information concerning any individual;

(v) personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

     (vi) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

     (vii) personnel or employment records of an individual.

  (b) Use of Search Terms or Other Technology. The prosecution and defense of this action will require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, a full page-by-page preproduction review of Discovery Materials may impose an undue burden on the Parties' resources that is disproportionate to the needs of the case. Therefore, the Court determines that a Producing Party may designate Discovery Materials as subject to this Protective Order based on search terms, filtering, or other method or computer technology employed to identify information that might be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.

  (c) If the Producing Party is not a Party to this litigation, it shall provide contact information to the Parties of record by filling out the form in Attachment B and providing it to the Party who requested the Discovery Materials. Within 30 days of receiving a form submitted under this subparagraph, and no later than the time the Discovery Materials are provided to the other Party, the Party who requested the Discovery Materials must serve a copy on all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

(d) Information or documents that are available to the public may not be designated as Protected Information.

(e) Communications regarding settlement of this matter may not be designated as Protected Information.

(f) The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order by providing a copy that is not marked in accordance with Paragraph 5, or by having counsel of record orally withdraw the designation on the record during a deposition. The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if it intends to use the materials in litigation and it determines that the materials do not contain Protected Information.

4. **Definitions**.

(a) "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

(b) "Designator" means a Party or non-Party that designates information or items that it produces as Protected Information.

(c) "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g., spreadsheets and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g., of voicemail), and transcripts of instant messages.

(d) "Parties" means the parties to this litigation including their employees and counsel.

(e) "Producing Party" means: (i) a Party to this litigation, including its counsel, that is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(f) "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as subject to this Protective Order by the Producing Party.

5. **Marking of Discovery Materials as Subject to this Protective Order**. To designate paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the words "SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders, these words

must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

6. **Production Protocols.**

(a) In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b) In the case of Discovery Materials being produced on electronic media (e.g., compact discs or hard-drives), the Producing Party shall produce Protected Information on separate media from other Discovery Materials, or, if the production media are rewritable, in electronic folders that segregate Protected Information and other Discovery Materials.

(c) Discovery Materials that are designated in accordance with Paragraph 5 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 6.

7. **Disclosure of Protected Information.** Except as stated in subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person.

(a) **Disclosures Pursuant to Signed Attachment.** The Parties may disclose or permit the disclosure of Protected Information to persons within

categories listed below provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

   (i) Consultants, investigators, or expert witnesses used by a Party to assist in the preparation and/or trial of this action; and

   (ii) Fact witnesses in this action to whom disclosure is reasonably necessary and who do not fall within subparagraph (b)(i) below.

  (b) **Disclosures without Signed Attachment**. The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

   (i) Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation;

   (ii) Counsel for the Parties and employees of counsel who have responsibility for this litigation (including but not limited to paid or unpaid,

7

temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

    (iii) Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (iv) The Court and its personnel;

    (v) Court reporters and recorders engaged for depositions;

    (vi) The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (vii) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

  8. **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 7 of this Protective Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

    (a) The Parties may use information as authorized by an order of this Court.

(b) The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

9. **Procedures regarding Protected Information**.

(a) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b) **Depositions.**

(i) All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until 14 days after the transcript is delivered in final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

(ii) Prior to the expiration of the time period provided in Paragraph 9(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph 9(b)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

    (iii) Notwithstanding anything to the contrary in this Paragraph 9(b), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7(a)(iii).

  (c) **Filing of Protected Information.**

    (i) In the event a Party other than the Designator makes a filing with the Court containing or referring to Protected Information, that Party shall make such filing under seal and simultaneously serve a copy of the filing upon the Designator.

    (ii) The Party making the filing shall confer with the Designator, either by email or conference, at least two business days before making the filing to determine whether the Designator maintains the claim of confidentiality over the material in question. If the filing Party does not receive agreement from the Designator to remove the confidentiality claim, the filing Party may file the relevant document under seal without filing a motion to seal under Local Rule 5.3.

    (iii) The Designator shall have 10 business days following service of the sealed filing to provide a redacted version of the filing to the Party making the filing. At the conclusion of this period, the Party making the filing shall make an unsealed filing of either the redacted version of the filing (if provided by the Designator) or, if no redacted version has been provided, of the initial version that was previously filed under seal. The party making the filing will provide a

notice to the Designator prior to filing the initial unredacted version.  The failure of a Designator to provide a redacted version within 10 business days of such a filing under seal constitutes a waiver of any claim of Protected Information as to any information contained in such filing.  Any filing deadlines that are triggered by the filing of a document under seal shall not be tolled by the subsequent filing of a redacted version.

        (d)    **Use of Protected Information at Trial or Hearing.**  A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.    **Inadvertent Failure to Designate.**  An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony.  If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance

11

with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 5.  No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information.  If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure.  Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information.  If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

  11. **Challenges to Designations.**  The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

    (a) **Meet and Confer.**  A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party.  In conferring, the challenging Party must explain the basis for its belief that the designation was not

proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b) **Judicial Resolution.** If, after satisfying the requirements of Paragraph 10 of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 11(a) of this Protective Order.  The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

12. **Effect of this Protective Order**.

(a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 ("HIPAA") implementing regulations, 45

13

C.F.R. § 164.512(a), (c)(1)(i); the Trade Secrets Act, 18 U.S.C. § 1905, and the Clean Air Act, 42 U.S.C. § 7542.

   (b) Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

   (c) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

   (d) Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  13. **Documents requested or demanded by non-parties**.

   (a) If any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

14

     (i) notify the Producing Party and provide a copy of the request; and

     (ii) inform the person responsible for the discovery request of this Protective Order and provide them with copy of this Protective Order.

  (b) The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

  (c) If the United States withholds Protected Information from its response to a FOIA request and the requesting party subsequently files an action or motion in court challenging that withholding, the United States shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion.

  (d) Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

  14. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Continuing Jurisdiction.** The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments and modifications to this Order as the Court may deem appropriate.

(c) **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

(d) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain: (1) attorney work product, including an index that refers or

relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(e) **Retention of Law Enforcement Documents.** Notwithstanding the above requirements to return or destroy Protected Information, law enforcement agencies may retain Protected Information in use for law enforcement purposes pursuant to Paragraph 7(b), subject only to applicable laws and regulations, e.g., 28 C.F.R. part 16.

15. **Order Subject to Modification.** This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

SO ORDERED.

Dated: September 28, 2022

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

*s/Thomas A. Benson*
Thomas A. Benson
(Mass. Bar #660308)
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5261
Thomas.benson@usdoj.gov
*Attorney for Plaintiff United States*

*s/Eugene E. Mathews, III*
Eugene E. Mathews, III (VA Bar No. 36384; D.C. Bar No. 1022000)
McGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: 202-857-2416
F: 202-213-6404
mmathews@mcguirewoods.com
*Attorney for Defendant EES Coke*

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Dated: _____    Signature: _____

## ATTACHMENT B

## CONTACT INFORMATION FOR NON-PARTY
## PRODUCING DOCUMENTS SUBJECT TO PROTECTIVE ORDER

On [Date], the Court entered a protective order, ECF No. __, (the "Protective Order"). The person identified below is not a Party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this Producing Party is as follows:

| | |
|---|---|
| Name of Producing Party: | |
| Contact Person: | |
| Mailing Address: | |
| Phone: | |

This contact information is being provided to [name of party issuing subpoena], who must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. This contact information may be changed at any time by submitting new information using this form to [name of party issuing subpoena].