## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

        Plaintiff,

    v.

EES COKE BATTERY, LLC

        Defendant.

Civil Action No. 2:22-cv-11191-GAD-CI

Judge Gershwin A. Drain

Magistrate Judge Curtis Ivy, Jr.

## DEFENDANT'S MOTION
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Defendant EES Coke Battery, LLC ("EES Coke"), by counsel, submits its Motion Pursuant to Federal Rule of Civil Procedure 56(d). For the reasons set forth in the accompanying brief and the attached Rule 56(d) declaration, the Court should grant this motion and deny Plaintiff United States of America's ("Plaintiff" or "EPA") Motion for Partial Summary Judgment ("EPA's Motion") on the grounds that such motion is premature and EES Coke should be permitted to conduct discovery in order to present facts essential to justify its opposition to EPA's Motion.

Pursuant to Local Rule 7.1(a), counsel for EES Coke met with counsel for Plaintiff on October 3, 2022 to request concurrence with this motion, and concurrence was not obtained.

Respectfully submitted,

/s/ Eugene E. Mathews, III
Makram B. Jaber (D.C. Bar No. 458718)
Eugene E. Mathews, III (VA Bar No. 36384;
D.C. Bar No. 1022000)
McGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: 202-857-2416
F: 202-213-6404
mjaber@mcguirewoods.com
mmathews@mcguirewoods.com

S. Lee Johnson (P48907)
Michael P. Hindelang (P62900)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
T: 313-465-7432
F: 313-465-7433
sljohnson@honigman.com
mhindelang@honigman.com

***Attorneys for EES Coke Battery, LLC***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

        Plaintiff,

   v.

EES COKE BATTERY, LLC

        Defendant.

Civil Action No. 2:22-cv-11191-GAD-CI

Judge Gershwin A. Drain

Magistrate Judge Curtis Ivy, Jr.

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE ISSUE PRESENTED ........................................................ ii

STATEMENT OF MOST CONTROLLING AUTHORITY ................................ iii

TABLE OF AUTHORITIES ...................................................................................iv

I.      INTRODUCTION ..........................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................4

III.    LEGAL STANDARD ....................................................................................5

IV.     ARGUMENT..................................................................................................7

        A.    EES Coke Has Not Had a Meaningful Opportunity to Take
              Discovery.............................................................................................7

        B.    Discovery is Necessary to Support EES Coke's Defenses as to
              EPA's Allegations that the Permit Change Resulted in a "Major
              Modification" and EES Coke Violated Record-Keeping and
              Reporting Requirements......................................................................8

              1.    Discovery of Non-Party EGLE is Necessary to Present
                    Facts Essential to Justify EES Coke's Opposition to
                    EPA's Motion. ..........................................................................10

              2.    Discovery of Non-Party U.S. Steel is Necessary to
                    Present Facts Essential to Justify EES Coke's Opposition
                    to EPA's Motion. .......................................................................11

              3.    Discovery of EPA is Necessary to Present Facts Essential
                    to Justify EES Coke's Opposition to EPA's Motion.............12

        C.    EES Coke Should Also Be Permitted to Conduct Expert
              Discovery...........................................................................................13

        D.    This is Not An "Exceptional" Case in Which No Discovery is
              Required. ...........................................................................................15

V.      CONCLUSION.............................................................................................16

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Should the Court grant Defendant's Rule 56(d) motion and deny Plaintiff's Motion for Partial Summary Judgment on the grounds that Defendant has had no opportunity to conduct discovery and therefore cannot present facts essential to justify its opposition to Plaintiff's Motion?

## <u>STATEMENT OF MOST CONTROLLING AUTHORITY</u>

The most controlling and appropriate authorities for the relief sought are Fed. R. Civ. P. 56(d) and the following cases: *CenTra Inc. v. Estrin*, 538 F.3d 402 (6th Cir. 2008) and *Moore v. Shelby County*, 718 F. App'x 315, 320 (6th Cir. 2017). Additional authorities supporting the relief requested are set forth in the text of this brief and are identified in the Table of Authorities.

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amerisure Mut. Ins. Co. v. Transatlantic Reinsurance Co.*,
　2021 WL 4340521 (E.D. Mich. Mar. 18, 2021) ................................................15

*CenTra Inc. v. Estrin*,
　538 F.3d 402 (6th Cir. 2008) ............................................................6, 7

*Elite Contractors, Inc. v. CitiMortgage, Inc.*,
　2012 WL 12884454 (E.D. Mich. May 7, 2012) ..................................6, 7, 15, 16

*Moore v. Shelby Cty.*,
　718 F. App'x 315 (6th Cir. 2017) .....................................................7, 8, 15

*Porter v. Five-Star Quality Care-MI, LLC*,
　26 F. Supp. 3d 694 (E.D. Mich. 2014) .............................................................7

*Roden v. Floyd*,
　2017 WL 2835266 (E.D. Mich. May 31, 2017) ................................................15

*U.S. v. DTE Energy Co.*,
　711 F.3d 643 (6th Cir. 2013) .........................................................................3, 9

*U.S. v. DTE Energy Co.*,
　845 F.3d 735 (6th Cir. 2017) .........................................................................3, 9

*White's Landing Fisheries, Inc. v. Buchholzer*,
　29 F.3d 229 (6th Cir. 1994) ..............................................................................15

**Federal Statutes**

Clean Air Act ...................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 26 .........................................................................................5, 8

Fed. R. Civ. P. 56(c)(1)(A) ................................................................................6

Fed. R. Civ. P. 56(d) ...................................................................................*passim*

iv

Fed. R. Civ. P. 56(f) ................................................................................15

**Regulations**

Mich. Admin. Code R. 336.2901(ee)(ii)(C) .............................................9

## I.     INTRODUCTION

Five years ago EPA began investigating whether EES Coke violated the

Clean Air Act (the "CAA") in obtaining an amended air permit (the "Permit") in

2014 from the State of Michigan's Department of the Environment, Great Lakes

and Energy ("EGLE"). EPA inspected the EES Coke battery facility (the

"Battery") and sought and obtained substantial information and records from EES

Coke pursuant to a request for information under CAA Section 114 ("114

Information Request"), and informal requests. Declaration of Virginia Galinsky,

Aug. 29, 2022 (PageID.114-115).

But EPA did not file suit until June 2022. No discovery has taken place in

this case. Having spent years obtaining records and information from EES Coke in

its one-way investigation, EPA now seeks a ruling on summary judgment before

EES Coke can conduct *any* discovery in its defense. Relying on what amounts to

an expert declaration from an EPA environmental engineer, EPA asks the Court to

find that EES Coke violated the CAA as a matter of law and to proceed

immediately to the penalty assessment and remedy phase of this case.[1]

---

[1] EES Coke denies that it violated the CAA and that there are no genuine issues of
material fact in dispute. While EES Coke believes the Court should deny EPA's
Motion for the reasons stated in its Response and Brief in Opposition to Plaintiff's
Motion, EES Coke submits this Rule 56(d) Motion and supporting declaration to
explain why discovery is necessary for EES Coke to fully support its defenses in
opposition to EPA's Motion.

Courts within the Sixth Circuit have held that absent exceptional circumstances (not present here), it is an abuse of discretion to rule on summary judgment before any discovery takes place. They regularly grant Rule 56(d) motions to allow the non-moving party the opportunity to conduct discovery in these circumstances. And the need for discovery is particularly acute here. EPA is aggressively wielding its enforcement powers to challenge a validly issued state Permit, where the State itself has not alleged or found any violation. EPA's expansive liability theory relies on facts and events that occurred nearly a decade ago and, significantly, involve parties not before the Court, including EGLE and U.S. Steel, whose unilateral and unexpected decision in 2016 to dramatically reduce its use of coke oven gas ("COG") from EES Coke substantially increased the amount of COG that EES Coke had to process. A full and fair assessment of EPA's allegations must consider EGLE's comprehensive review of the Permit, communications and statements made by EGLE regarding the Permit application, EPA's review and analysis of the Permit application and proposed amendments, complex emissions projections and analyses (both before and after issuance of the Permit), and post-Permit events involving non-party U.S. Steel that dramatically changed the factual assumptions underlying the original emissions projections.

Simply, the essential elements of EPA's claims – whether the Permit changes constitute a "major modification" and require additional permits and

emission controls, whether any post-Permit increase in emissions is caused by the Permit, whether the Battery could have accommodated any increased emissions before the Permit, and whether EES Coke reasonably relied on EGLE's determination on post-Permitting record-keeping and reporting requirements – are fact-intensive determinations. *See U.S. v. DTE Energy Co.*, 845 F.3d 735, 738 (6th Cir. 2017) (stating that whether an exclusion applies is a "*fact-dependent determination that must be resolved on a case-by-case basis*"), *quoting U.S. v. DTE Energy Co.*, 711 F.3d 643, 646 (6th Cir. 2013).

The attached Rule 56(d) Declaration of Darin K. Waylett, Oct. 4, 2022 (Ex. 1) identifies specific discovery needed from EGLE and U.S. Steel, as well as fact discovery from EPA witnesses and expert discovery, all of which is necessary to respond to EPA's factual allegations, legal assertions, mixed questions of fact and law and the opinions contained in EPA's engineering declaration, as well as providing the factual basis for EES Coke's experts to render their expert opinions and reports. This Court should grant this Motion and deny EPA's Motion for Partial Summary Judgment.[2]

---

[2] Rule 56(d) includes alternate remedies including deferring consideration of the motion or allowing time to take discovery. But given the scope of EPA's Motion, which asks for summary judgment on both counts and full liability, EES Coke submits that the Court should handle these matters in the normal course in this type of complex litigation – after the close of fact and expert discovery and in accordance with the deadlines set forth in the Court's scheduling order.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

EES Coke operates a coke oven battery facility (the "Battery") that is subject to an air permit issued by the State of Michigan under the State's Implementation Plan for the CAA. Declaration of Fadi Mourad, Oct. 4, 2022, ¶¶ 11, 35 (Ex. 2).[3] EGLE approved certain amendments to the air permit in 2014. Ex. 2 ¶¶ 15-35. EGLE concluded the project was not a "major modification" for $SO_2$ and issued the Permit on November 21, 2014. Ex. 2 ¶¶ 25-27, 35. EES Coke has operated the Battery in compliance with the Permit since 2014. *See* Ex. 2 ¶ 36.

In 2016, U.S. Steel unexpectedly curtailed its use of COG. Declaration of David W. Fanning, Oct. 4, 2022 ¶ 10 (Ex. 3). This unilateral change by U.S. Steel caused a substantial decrease in the amount of COG that EES Coke had previously sent off-site. EES Coke was forced to account for approximately 2,000,000 mmBtu of COG above what was estimated during the application process for the Permit. Ex. 2 ¶ 40. EES Coke addressed the substantial increase in COG, as it is required by law and in the only way physically possible, by sending additional COG for combustion at the flare. Ex. 2 ¶ 41; Ex. 3 ¶ 13.

---

[3] EES Coke's Response and Brief includes a detailed factual section that identifies genuine issues of material fact in dispute. To avoid redundancy, EES Coke will not repeat all such facts here and will attach the relevant declarations cited in EES Coke's Response and Brief without exhibits.

According to EPA's declarant, EPA reviewed emissions data from the Battery in February 2017 and decided to conduct an inspection. (PageID.114). EPA inspected the Battery in July 2017. (PageID.114). EPA then issued an information request to EES Coke in April 2018. (PageID.114-115). EES Coke provided extensive written materials and documents in response, including communications and information EES Coke shared with EGLE during the Permitting process. *See* PageID.115.

EPA issued a Notice of Violation in 2020 alleging that increased $SO_2$ emissions violated the CAA and Michigan's State Implementation Plan ("SIP"). *See* PageID.122. On June 1, 2022, EPA filed its Complaint (PageID.1). EES Coke filed its Answer (PageID.25) on August 19, 2022, denying that it violated the CAA and asserted numerous defenses to EPA's Complaint. On August 30, 2022, and before discovery began under Rule 26 of the Federal Rules of Civil Procedure, EPA filed its motion for partial summary judgment (PageID.61) asking the Court to impose liability on EES Coke on each count of its Complaint.

## III.   LEGAL STANDARD

If a summary judgment motion raises particular issues as to which the non-moving party has not yet had a reasonable opportunity to take discovery, the non-moving party may seek relief under Rule 56(d). In cases where the non-moving party has had no opportunity to conduct discovery, "denying the Rule 56[(d)]

5

motion and ruling on a summary judgment motion is likely to be an abuse of

discretion." *CenTra Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

Rule 56(d) provides in relevant part:

> If a nonmovant shows by affidavit or declaration that, for
> specified reasons, it cannot present facts essential to justify its
> opposition, the court may: (1) defer considering the motion or
> deny it; (2) allow time to obtain affidavits or declarations or
> take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(c)(1)(A) provides that a party asserting that a fact is

genuinely disputed must support the assertion by citing particular materials "*in the*

*record*." (Emphasis added.) But in cases when the record is scant, "[a] party that

wishes to engage in fact discovery may defeat summary judgment if the party

'shows by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its opposition.'" *Elite Contractors, Inc. v. CitiMortgage, Inc.*,

2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) (citation omitted).[4] Courts

generally consider factors such as: (1) when the non-moving party learned of the

issue that is the subject of the discovery; (2) how long the discovery period lasted;

(3) whether the non-moving party was dilatory in his or her discovery efforts; and

(4) whether the moving party was responsive to discovery requests. *See CenTra*,

538 F.3d at 420.

---

[4] Copies of unpublished opinions are attached as Exhibit 4.

However, considering such factors would be "superfluous" in a case where (as here) the non-moving party has had *no* opportunity to conduct discovery. *Elite Contractors*, 2012 WL 12884454, at *3.  "Common sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence." *Moore v. Shelby Cty.*, 718 F. App'x 315, 320 (6th Cir. 2017). Where a summary judgment motion is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a district court should "fairly freely" grant the relief authorized under Rule 56(d). *Porter v. Five-Star Quality Care-MI, LLC*, 26 F. Supp. 3d 694, 700 (E.D. Mich. 2014) (citation omitted).

## IV.    ARGUMENT

### A. EES Coke Has Not Had a Meaningful Opportunity to Take Discovery.

EPA's Motion admits that it is "rare" for a court to grant summary judgment before discovery. (PageID.91). In fact, the Sixth Circuit has held it is likely an "abuse of discretion" to rule on a summary judgment motion before the non-moving party has any opportunity for discovery. *CenTra*, 538 F.3d at 420. Nevertheless, EPA argues that discovery is unnecessary because there can be no genuine issue of material fact in dispute regardless of whether discovery occurs. EPA is incorrect. This is precisely the type of case in which Rule 56(d) relief is appropriate and discovery is necessary to allow EES Coke to fully develop facts in

opposition to EPA's Motion. EPA filed its Motion less than two weeks after EES Coke filed its Answer and before the parties have engaged in discovery under Rule 26. While the motion is styled as a partial motion for summary judgment, it seeks entry of judgment establishing EES Coke's liability under both Counts in the Complaint. As the Sixth Circuit has acknowledged, "common sense dictates" that before the Court tests the evidence, EES Coke "should have the opportunity to develop and discover the evidence." *See Moore*, 718 F. App'x at 320. By moving for summary judgment now (having had the one-sided advantage of obtaining information and documents from EES Coke during its multi-year investigation), EPA seeks to deprive EES Coke (and the Court) of this "common sense" opportunity to develop and discover the evidence. Rule 56(d) protects non-moving parties such as EES Coke under these circumstances.

**B. Discovery is Necessary to Support EES Coke's Defenses as to EPA's Allegations that the Permit Change Resulted in a "Major Modification" and EES Coke Violated Record-Keeping and Reporting Requirements.**

EES Coke denies that it violated the CAA and must be permitted discovery to challenge and rebut EPA's allegations. To establish liability, EPA must prove that the Permit changes caused a "major modification" under the CAA, and triggered NSR requirements including additional permits. For purposes of calculating the amount of increased $SO_2$ emissions that would trigger these requirements, one must exclude any emissions increases that are unrelated to the

Permit and could have been accommodated during the baseline period (before the Permit was issued). *See* Mich. Admin. Code R. 336.2901(ee)(ii)(C); Ex. 2 ¶ 27. EES Coke and EGLE evaluated this specific issue in the permitting process. EES Coke concluded, and EGLE agreed, that projected future increased SO2 emissions did not meet the threshold for a "major modification." Ex. 2 ¶ 27. Specifically, the Permit analysis determined the overwhelming majority of increased SO2 emissions (all but 19.54 tons per year of SO2) must be excluded because they were unrelated to the Permit and could have been accommodated at the Battery. *Id.*

EPA asserts there is no genuine issue of material fact in dispute as to whether the Permit resulted in a "major modification" and whether EES Coke violated record-keeping and reporting requirements. But as described in the Fanning and Mourad declarations, there are genuine issues of material fact disputing EPA's allegations, including the facts alleged in Paragraphs 23-26 of EPA's Statement of Material Facts (PageID.84) and Paragraphs 41-49 of the Galinsky Declaration (PageID.118-123). EES Coke should be permitted to conduct discovery, including from EPA and non-parties EGLE and U.S. Steel, to further develop these facts. Whether increased emissions are properly excluded under a New Source Review ("NSR") analysis is a "*fact-dependent* determination that must be resolved on a *case-by-case basis*." *U.S. v. DTE Energy Co.*, 845 F.3d 735, 738 (6th Cir. 2017), *quoting U.S. v. DTE Energy Co.*, 711 F.3d 643, 646 (6th Cir.

9

2013). Discovery is necessary for EES Coke to support its defenses on this "fact-dependent determination."

### 1. Discovery of Non-Party EGLE is Necessary to Present Facts Essential to Justify EES Coke's Opposition to EPA's Motion.

EPA would deprive EES Coke of the opportunity to develop additional facts to contest EPA's allegations that the Permit changes resulted in a "major modification" and that EES Coke violated record-keeping or record-reporting requirements. This discovery would necessarily include discovery and witness testimony from EGLE. *See* Ex. 1 ¶¶ 5(a)-(i). As described in detail in the attached Rule 56(d) declaration (Ex. 1), EES Coke requires discovery of EGLE to understand and present to the Court the agency's internal analyses, review of emissions data and independent calculations, precisely how and why EGLE determined that the Permit changes would not result in a "major modification" and the facts and information supporting EGLE's determination that EES Coke did not need to provide "reasonable possibility records." All of these facts would support EES Coke's defenses and evidence on these issues. EES Coke will seek discovery of information, testimony and documents which are not in EES Coke's exclusive possession, on at least nine factual areas relevant to EPA's allegations, including EGLE's internal analysis of the EES Coke Permit application; EGLE's evaluation of projected $SO_2$ emissions; the facts considered in projecting future emissions increases including expected continued shipment of COG to U.S. Steel; the public

10

comment period and EPA's analysis of and reaction to the proposed amendments; EGLE's understanding of the reasons for the proposed amendments and the facts and information EGLE considered in its decision to approve the Permit including projected increases in $SO_2$ emissions at underfire and the whole emissions unit; EGLE's understanding of whether EES Coke's application materials were intended to state or determine the maximum capacity of the unit to accommodate $SO_2$ emissions; EGLE's conclusion that "Reasonable possibility records for $SO_2$ are not required for this project," EGLE's determination to specifically include "reasonable possibility" reporting conditions in other permits; and, EGLE's prior permitting decisions. *Id*.

### 2. Discovery of Non-Party U.S. Steel is Necessary to Present Facts Essential to Justify EES Coke's Opposition to EPA's Motion.

EES Coke also should be allowed to conduct discovery related to post-Permit increases in $SO_2$ emissions as a result of U.S. Steel's unilateral and dramatic reduction in its demand for COG. EPA cannot prove a "major modification" occurred if the emissions increases are (1) unrelated to the Permit and (2) could have been accommodated by the Battery at baseline. EPA's allegations largely ignore the critical fact that U.S. Steel unexpectedly and suddenly curtailed its demand for COG from the Battery. Ex. 2 ¶¶ 39-40; Ex. 3 ¶¶ 9-10. This change – which occurred after the Permit was issued and was not anticipated in EES Coke and EGLE's emissions projections – necessarily required

11

EES Coke to process substantially more COG than anticipated. EES Coke should be permitted discovery to support its defense that the increased $SO_2$ emissions resulting from this increased COG were unrelated to the Permit change. *See* PageID.94. EES Coke will seek discovery of information, testimony and documents which are not in EES Coke's exclusive possession regarding U.S. Steel's internal communications, deliberations and decisions related to U.S. Steel's historic use of COG; its expected continued demand for COG at the time of the Permitting process; its unilateral and dramatic reduction in the use of COG from EES Coke beginning in 2016; and, the factors that led to U.S. Steel's decision. *See* Ex. 1 ¶ 6(a)-(d).

### 3. Discovery of EPA is Necessary to Present Facts Essential to Justify EES Coke's Opposition to EPA's Motion.

EES Coke should also be allowed to conduct discovery of EPA. Discovery of EPA is necessary to fully contest EPA's allegations of a "major modification" and alleged record-keeping and reporting violations, and to develop additional facts to support EES Coke's defense as to EPA's belated assertion of its enforcement authority. EES Coke will seek discovery of information, testimony and documents which are not in EES Coke's exclusive possession related to EPA's assessment of the Permit application, its internal analysis of $SO_2$ emissions before and after the Permit change, the facts and information considered in issuing the Notice of Violation, and the analysis and opinions contained in the Galinsky

Declaration offered in support of its Motion. Ex. 1 ¶ 7(a)-(i). EES Coke will also seek discovery of how EPA has analyzed similarly-situated facilities and on EPA's interpretation of the relevant regulatory provisions.[5] This discovery will include interrogatories and document requests and witness testimony material to disputing EPA's allegations on at least nine factual matters, including EPA's assessment of the Permit application; EPA's records, materials and communications related to the EES Coke and U.S. Steel facilities; EPA's analysis of emissions data from the Battery; EPA's inspection of the Battery in July 2017; EPA's Section 114 Information Request; the facts and information EPA considered in issuing the Notice of Violation; EPA's evaluation of permit changes at any stationary source; the basis for the allegations and opinions contained in the declaration of Virginia Galinsky; and, EPA's application of New Source Review (NSR) rules and permit changes at similar stationary sources. *Id.*

### C. EES Coke Should Also Be Permitted to Conduct Expert Discovery.

In addition to the fact discovery described above, EES Coke should also be permitted sufficient time to conduct expert discovery to support its defenses. EPA's Motion relies on the testimony of Virginia Galinsky, an environmental engineer who is identified as working with the EPA Region 5 Air Enforcement and

---

[5] In a regulatory enforcement case, EPA's historic interpretation and application of the relevant rules and whether that interpretation has been consistent are always important issues.

Compliance Assurance Branch since 2009 and has been working on this specialized matter for five years. (PageID.99, 114). While EPA does not specifically identify Ms. Galinsky as an expert witness, her declaration sets forth numerous opinions and describes work that goes well beyond that of a typical lay witness and requires specialized training and expertise. *See* PageID.100-101. And Ms. Galinsky's declaration contains detailed findings and opinions regarding EPA's analysis of records and emissions data, and EPA's investigation of EES Coke. *See* PageID.114-123. Ms. Galinsky's declaration even contains opinions as to the alleged harms (both in health and monetarily) allegedly attributable to EES Coke's $SO_2$ emissions. (PageID.123-128).

EES Coke should be permitted to undertake expert discovery and to offer expert testimony in response to the allegations in Ms. Galinsky's declaration, including EPA's analysis of projected $SO_2$ emissions, its calculations of excludable and non-excludable emissions, and EPA's allegations of alleged health impacts. Ex. 1 ¶ 8(a)-(e). EES Coke intends to offer its own expert opinions and reports addressing numerous issues, and needs the discovery described in the Rule 56(d) declaration and summarized here to develop the factual basis for these full and accurate opinions and reports.

**D. This is Not An "Exceptional" Case in Which No Discovery is Required.**

For good reason, courts in the Sixth Circuit have granted similar Rule 56(d)

motions when, as here, a party is not afforded the opportunity to conduct discovery

before ruling on a summary judgment motion. *See, e.g., Elite Contractors*, 2012

WL 12884454, at *4; *see also Moore*, 718 F. App'x at 320 ("Having reviewed the

record, we are left with the definite and firm conviction that the district court

abused its discretion by granting summary judgment for Defendants before

permitting the parties any discovery."); *White's Landing Fisheries, Inc. v.*

*Buchholzer*, 29 F.3d 229 (6th Cir. 1994) (reversing district court entry of summary

judgment and denial of a Rule 56(f) motion where discovery was stayed only 6

days after first discovery requests were submitted); *Amerisure Mut. Ins. Co. v.*

*Transatlantic Reinsurance Co.*, 2021 WL 4340521 (E.D. Mich. Mar. 18, 2021)

(Rule 56(d) motion denied as moot after the court denied without prejudice the

motion for summary judgment as premature pending further expert discovery);

*Roden v. Floyd*,  2017 WL 2835266 (E.D. Mich. May 31, 2017) (report and

recommendation of Magistrate Judge on motion for summary judgment filed the

same day last defendant was served with the complaint, and before plaintiff had an

opportunity to conduct necessary discovery).

A case must fall into "one of the narrow exceptions for granting a summary

judgment motion prior to affording the non-moving party an opportunity to

conduct discovery." *Elite Contractors,* 2012 WL 12884454, at *4. This case does not fall within any such narrow exception. It is a complex regulatory enforcement action involving application of federal and state regulations, years of emissions projections and data analysis, and causation requirements that are, by EPA's own admission and Sixth Circuit instructions, "fact-dependent determinations."

EES Coke's Rule 56(d) declaration identifies specific discovery that is necessary to contest facts that are material to the elements of EPA's claims and which are genuinely in dispute. Ex. 1 ¶¶ 4-9.  EES Coke must have an opportunity to obtain documents and testimonial evidence to develop and present a complete defense to summary judgment. EES Coke has satisfied the requirements of Rule 56(d), and this case does not fall within the "narrow exceptions" allowing for summary judgment without discovery.

## V.    CONCLUSION

**WHEREFORE**, Defendant respectfully requests that the Court grant this Motion pursuant to Federal Rule of Civil Procedure Rule 56(d) and deny Plaintiff's Motion for Partial Summary Judgment.

Dated:  October 4, 2022

Respectfully submitted,

/s/ Eugene E. Mathews, III
Makram B. Jaber (D.C. Bar No. 458718)
Eugene E. Mathews, III (VA Bar No. 36384;
D.C. Bar No. 1022000)
McGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: 202-857-2416
F: 202-213-6404
mjaber@mcguirewoods.com
mmathews@mcguirewoods.com


S. Lee Johnson (P48907)
Michael P. Hindelang (P62900)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
T: 313-465-7432
F: 313-465-7433
sljohnson@honigman.com
mhindelang@honigman.com

*Attorneys for EES Coke Battery, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I electronically filed the foregoing

documents with the Clerk of Court using CM/ECF which will automatically send

notification by electronic means of such filing to all counsel of record in this action

pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

*/s/ Eugene E. Mathews, III*