UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),

                                        Case No. 22-11191
                                        Honorable Gershwin A. Drain

v.

EES COKE BATTERY, LLC, et al.,

        Defendant(s).

_____/

**ORDER GRANTING MOTIONS TO INTERVENE [ECF No. 12] & [ECF No. 14] WITH RESTRICTIONS**

Before the Court are two motions to intervene: (1) Motion to Intervene by Sierra Club [ECF No. 12]; and (2) Motion to Intervene by River Rouge [ECF No. 14]. These motions are fully briefed. Defendants do not oppose the intervention of either party. Instead, they request a set of limitations be placed upon the participation of Sierra Club and River Rouge.

The Court has authority to impose restrictions of the scope of intervention. The Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 24 provides that intervenors "may be subject to appropriate conditions" responsive "to the requirements of efficient conduct of the proceedings." *See also United States v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013) ("courts are not faced with an all-

or-nothing choice between grant or denial: Rule 24 also provides for limited-in-scope intervention"). "[E]ven where the Court concludes that intervention as a matter of right is appropriate, its inquiry is not necessarily at an end: district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) (*citing Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 738 (D.C. Cir. 2003)).

In the interest of efficiency and based on the proposals and objections in the parties' briefs, the Court orders the following restrictions on the intervention of Sierra Club and River Rouge:

1. Plaintiff-Intervenors must comply with any case management order entered in this case.

2. Plaintiff-Intervenors shall be allowed access to discovery initiated by the original parties (subject to the terms of any protective order entered in this case) but shall not initiate or conduct any independent discovery absent consent of all parties or leave of court.

3. Plaintiff-Intervenors may file separate briefs with a 15-page limit.

4. Plaintiff-Intervenors shall be required to confer with Plaintiff before filing any pleadings or motions in the case to confirm they are not duplicative.

5. On any non-duplicative pleadings or motions in which Plaintiff Intervenors file a brief, EES Coke Battery shall be permitted to respond using the same number of total pages used collectively by Plaintiff and Plaintiff-Intervenors.

IT IS SO ORDERED.

Dated:  November 22, 2022                     /s/ Gershwin A. Drain
                                                                                    GERSHWIN A. DRAIN
                                                                     UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 22, 2022, by electronic and/or ordinary mail.

/s/Kelly Winslow for Teresa McGovern

Case Manager