UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

and

SIERRA CLUB AND CITY OF RIVER ROUGE

                    Intervenor Plaintiffs

                                                Case No. 22-11191
                                                Honorable Gershwin A. Drain

v.

EES COKE BATTERY, LLC,

                    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BIFURCATION [ECF No. 54]

### I.      Introduction

The United States Government, on behalf of the United States Environmental Protection Agency ("EPA") brings this civil action under the Clean Air Act (the "CAA") against EES Coke Battery, LLC ("Defendant" or "EES Coke"). Filed on June 1, 2022, the complaint seeks injunctive relief and the assessment of civil penalties for violations of: (a) the Prevention of Significant Deterioration ("PSD") provisions of the CAA, 42 U.S.C. §§ 7470-7492; (b) the nonattainment New Source Review ("Nonattainment NSR") provisions of the CAA, 42 U.S.C. §§ 7501-7515;

and (c) the State Implementation Plan ("SIP") adopted by the State of Michigan and approved by EPA pursuant to 42 U.S.C. § 7410. Sierra Club and City of River Rouge filed intervenor complaints alleging the same claims. See ECF Nos. 40 and 41.

EES Coke filed a Motion for Bifurcation of Proceedings on June 14, 2023. The Government and Sierra Club both responded on June 27, 2023. Defendant replied on July 5, 2023. The Motion is fully briefed. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs. See E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, Defendant's motion is **DENIED**.

## II.    Background

The EES Coke Facility is located on Zug Island, River Rouge in Michigan. It processes coal in a coke oven battery, which allegedly emits illegal pollution. The United States alleges two claims against EES Coke under the New Source Review provisions of the Clean Air Act: that it performed a major modification at its facility without complying with New Source Review and that it violated notification requirements. The Government avers that this illegal pollution is to blame for causing dire health problems for citizens downwind from the Facility including premature death, non-fatal heart attacks, asthma attacks, and lost days of work. ECF

No. 56, PageID.2950. Shortly before discovery opened a year ago, the Government filed a Motion for Partial Summary Judgment on Liability, on which the Court delayed ruling and recently denied as premature, noting that EES Coke was entitled to engage in discovery to support its defenses. See ECF No. 60. Thus, EES Coke's liability remains unresolved.

The parties have submitted a total of three Joint Rule 26 (f) reports. These reports, in addition to the Parties' briefing, make clear that they have engaged in discovery since Fall 2022. Thus far the Parties have served and responded to document requests, requests for admission, and interrogatories. According to the Government, the discovery conducted so far has addressed all aspects of the case, "including issues related to liability and remedy." ECF No. 45, PageID.2782. As the Parties reported on May 12, 2023, they anticipate that the document production and written discovery is near completion. See ECF No. 53, PageID.2849. The only discovery remaining is fact witness depositions and expert discovery, which, based on the parties briefing will entail extensive remedy discovery, in addition to some liability discovery. *Id*.

## III.   Applicable Law

Federal Rule of Civil Procedure 42(b) governs motions to bifurcate. That rule provides, in relevant part: "[f]or convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues . . ." Fed. R. Civ. P. 42(b). The decision whether to bifurcate falls within the district court's "broad discretion." *Percy v. Charter Twp. of Canton*, No. CV 19-11727, 2023 WL 112455, at *1 (E.D. Mich. Jan. 5, 2023) (citing *Saxion v. Titan-C Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)) (internal quotations omitted). "Only one of the [ ] criteria [listed in Rule 42(b)] need be met to justify bifurcation." *Id.* (citing *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1177 (7th Cir.), cert. denied, 464 U.S. 891 (1983)). The primary considerations are whether bifurcation will allow the judge to resolve the case in the way that "both advances judicial efficiency and is fair to the parties." *In re Bendectin Litig.*, 857 F.2d at 307.

## IV. Discussion

EES Coke argues that "bifurcating liability and remedy phases of discovery and trial is appropriate given the distinct legal issues and evidence relevant to each phase." ECF No. 54, PageID.2871. The argument continues, Defendant avers that bifurcation will "help bring about the most efficient resolution of the case by allowing both the parties and the Court to concentrate their resources and eliminate potentially unnecessary discovery disputes and motion practice." *Id.* at PageID.2876. Defendant also believes that bifurcation could lead to greater opportunities for settlement because, if there is a finding of liability, "the parties will

likely be in a better position to negotiate a potential settlement" pertaining to remedies. *Id.*

EES Coke cites several cases for the proposition that "recognizing the benefits of bifurcation, courts throughout the country—including in the Sixth Circuit—have regularly bifurcated NSR regulatory enforcement actions." ECF No. 54, PageID.2868 (citing *United States v. Duke Energy Corp.*, No. 00-1262 (M.D.N.C.),; *United States v. East Kentucky Power Coop.*, No. 04-34 (E.D. Ky.), ECF No. 15, Joint Motion for Modification of Scheduling Order, dated Feb. 8, 2005 (attached as Exhibit A); *Nat'l Parks Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, No. 01-071 (E.D. Tenn.), ECF No. 89, Bifurcation Order dated Dec. 13, 2004 (attached as Exhibit B); *U.S. v. Luminant Generation Co., LLC et al.*, No. 3:13-cv-03236-K (N.D. Tex.), ECF No. 57, Dec. 12, 2014 Joint Report Regarding Contents of Scheduling Order, at 3 (attached as Exhibit C)). Defendant seems to acknowledge that these cases are distinguishable because they involve NSR claims pertaining to defendants with multiple projects at multiple facilities, compared to the single facility at issue here. Defendant points out, however, that the "remedy phase is proportionally more wide-ranging than liability in an NSR case." ECF No. 58, PageID.2985.

EES Coke's arguments are well taken, but the Court has carefully reviewed the parties' briefs and concludes that bifurcation is not warranted here. First, there is no risk of prejudice or confusion, as no jury trial has been demanded. Secondly, as

the Government points out, there is no reason to believe that bifurcation would promote settlement any more than would a single-phase proceeding. ECF No. 56, PageID.2956 (citing the Scheduling Order in *Public Citizen v. American Electric Power*, No. 5:05-CV-39 at *1 (E.D. Tex. Sept. 27, 2005) (noting that bifurcation would delay settlement and extend the length of litigation); and *United States v. Ameren Missouri*, 229 F.Supp.3d 906, 985-986, 1003 (E.D. Mo. 2017) (the court ordered bifurcation and the parties did not settle)). Of course, the realities of a potential settlement in this case are dependent on the circumstances at issue here, irrespective of previous cases that have settled or failed to settle when proceedings were bifurcated or conducted as a single phase.

It is true that EES Coke disputes liability and if not found liable, remedy discovery would be unnecessary. But the parties have already been engaged in liability and remedy discovery for nearly a year and are near completion of document and written discovery on both issues. In the Court's view, requiring the parties to continue down this path—rather than bifurcating discovery into liability and remedy phases solely for fact and expert witnesses—is the most efficient way to assure an expeditious resolution to this case and it is the most efficient use of the Court's resources. The United States has identified at least two witnesses who will testify about both liability and remedies, although many of the witnesses for EES Coke will provide testimony on only one of those issues, ECF No. 58, PageID.2986, there is

some utility in conducting single phase proceedings. The case will be resolved when both liability and remedies have been decided, and it is clear from the briefing that, while bifurcation will expedite the adjudication of liability, it could potentially result in significant delay later in the case with respect to an adjudication of remedies, thereby extending the length of litigation.

As Sierra Club and the United States point out, because of the serious harm alleged to be attributable to the Facility's emissions, judicial efficiency takes on additional importance in this case. While the alleged harm is only relevant to an adjudication of remedies and is not an element of any of the Government's claims for liability, it provides an additional reason why the Court must assure an expeditious resolution of this case. Further, there is no reason to believe that bifurcation will result in an expeditious final disposition of all claims for liability *and* damages. (Emphasis added).

For example, if the Court were to bifurcate proceedings, and if EES Coke were found liable, the parties would have to reopen discovery, the Court would have to set a new schedule for the discovery period, resolve discovery disputes, and hear dispositive motions pertaining to remedies. As a result of this hypothetical situation, downwind residents would ultimately have their relief delayed—far longer than such a delay would be without bifurcation—and neither the parties nor the Court would have saved time or expense by bifurcating proceedings. On the other hand, if the

7

Court bifurcates and EES Coke is not found liable, Defendant would be relieved from conducting further remedy discovery, but it would have wasted the time and expense it exerted in conducting the nearly completed portion of remedy discovery that has been ongoing for the last year.  In the Court's view, it is more efficient for the parties to continue engaging in both liability and remedy discovery now, as they have done for nearly a year. This will result in a quicker resolution of the case overall, rather than, as Defendant suggests, merely a swift resolution of the liability issue and kicking the can down the road, so to speak, on the remedy issue and potentially extending the length of litigation.

Both parties proposed discovery schedules in the recently filed Joint Rule 26(f) Report. The United States proposes a schedule culminating in trial on both liability and remedies. However, EES Coke asserts that "the schedule proposed by the United States is not tenable if it is to cover both liability and remedy issues." ECF No. 58, PageID.2986. EES Coke says "significantly more discovery will be needed on remedy issues and the schedule proposed by the United States does not provide adequate time for the completion of discovery on remedy issues." *Id*. Defendant attaches an Amended Proposed Schedule, which would bifurcate the liability and remedy phases and allow this case to proceed to trial on liability by September 2024. ECF No. 54, PageID.2874-77. The Court will conduct a scheduling conference with the parties to discuss these issues.

## I.      Conclusion

For the reasons stated above, Defendant's Motion is **DENIED.** It is ordered that the motion hearing previously scheduled for **August 31, 2023, at 3:00 pm is hereby converted into a scheduling conference**.  During this time, the Court will discussed the proposed schedules and enter a scheduling order thereafter.

Dated: August 24, 2023                  /s/ GERSHWIN A. DRAIN

                                              United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 24, 2023, by electronic and/or ordinary mail.

                                  s/ Kelly Winslow for Teresa McGovern
                                              Case Manager