UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

v.

EES COKE BATTERY, LLC;
DTE ENERGY SERVICES, INC.;
DTE ENERGY CO.; DTE
ENERGY RESOURCES, LLC,
      Defendants.
_____/

Case No. 22-11191

Gershwin A. Drain
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER GRANTING IN PART MOTION FOR LEAVE TO DEPOSE THREE ADDITIONAL WITNESSES (ECF No. 125)

This case is before the Court on the United States' motion for leave to take three more depositions. (ECF No. 125). The parties earlier agreed that the United States would take 11 depositions, which it did. It now asserts a need to take three more concerning the "New Defendants," DTE Energy Services, Inc., DTE Energy Co., and DTE Energy Resources, LLC. The New Defendants were added in the United States' May 2024 amended complaint. The government alleges that these defendants participated in decisions that led to the alleged environmental violations. These are original Defendant EES Coke's parent entities.

The motion was referred to the undersigned.  (ECF No. 127).  For the reasons below, the motion is **GRANTED** as to the 30(b)(6) deposition but **DENIED** as to the fact witness depositions.

Rule 30(a) provides that, absent a stipulation, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deposition would result in more than 10 depositions being taken under this rule."  Fed. R. Civ. P. 30(a)(2)(A).  "[A] party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are *necessary*.  This showing cannot be based upon general assertions. Rather, the moving party must make a particularized showing why extra depositions are necessary."  *Moore v. Abbott Labs*., 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009) (internal quotation marks omitted) (emphasis added).

New Defendants begin their opposition by arguing that the United States violated Rule 30 by serving a deposition notice before asking for a stipulation or seeking leave to take more than the agreed number of depositions.  (ECF No. 126, PageID.4612-13).  The Court does not view the government's actions as violating the Rule or as reason to deny its motion.  As the government notes, the Rule does not expressly preclude a party from serving a deposition notice before obtaining leave to exceed ten depositions.  The government's notice spurred the parties'

conversations about whether there would be a stipulation for these depositions.  In addition, the 2008 out-of-circuit case cited by the New Defendants is not binding and was decided in the context of ruling on a motion for protective order rather than a motion for leave to take additional depositions, so it has minimal value here. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 254 F.R.D. 227, 238 (E.D. Pa. Nov. 25, 2008) (stating that the court *could* grant a protective order because the party served a deposition notice rather than seeking leave to take more than ten depositions, but then addressed the merits of the requested discovery).

As for the merits of its motion, the government's position is that it could not take discovery of the New Defendants until they became defendants in May 2024. Discovery was extended for 90 days after the complaint was amended.  Since that extension, the government served written discovery on the New Defendants.  It also points to the scope of the case—it alleges that the facility is producing thousands of tons of excess pollution per year that will cost upwards of $100 million in remedies and mitigation.  (ECF No. 125, PageID.4517-19).  It seeks leave to take one Rule 30(b)(6) deposition and two fact depositions.

The United States says the following to show the need for the depositions. The 30(b)(6) deposition would be targeted at facts related to the role each New Defendant plays/played for EES Coke and the subject facility.  (*Id.* at

3

PageID.4519-20).  The topics include the financial transactions between the parent companies and EES Coke, the role each entity plays for employees working on behalf of the facility, the internal policies governing the relationships between the parent entities and EES Coke, and the document management system maintained by the New Defendants.  (*Id.*).  As for deposing fact witness David Ruud, who was president of EES Coke and DTE Energy Services, the government contends that Ruud was the top-ranking official responsible for operational decisions at the facility.  He is now the manager of EES Coke and DTE Energy Systems, a director of DTE Energy Services, and executive vice president and chief financial officers of DTE Energy.  He would be the only direct representative of DTE Energy to be deposed.  He would also be knowledgeable about the role each parent Defendant plays for the facility and EES Coke.  (*Id.* at PageID.4520).  Lastly, fact witness Mark Stiers, president and chief executive officer of EES Coke, DTE Energy Resources, and DTE Energy Services, is the immediate supervisor of David Smith. Earlier, Mr. Smith testified that he could make certain decisions, but some decisions were reserved for Stiers to make.  Thus, Stiers could testify about the decision-making processes and what role each New Defendant plays.  (*Id.* at PageID.4520-21).

4

New Defendants assert that the government has not shown necessity.  To begin, the government has asserted that discovery was unnecessary when it moved for summary judgment earlier in this litigation.  And during August 2024, when discussing additional depositions, government counsel stated that they were prepared to move forward without additional discovery, but since discovery had been extended they intended to use the time to seek targeted discovery.  (ECF No. 126, PageID.4616).  Since the government was not insisting on the importance of this discovery then, New Defendants contend that it cannot now be heard to say that the discovery is *necessary*.  They insist that the United States' written discovery sufficiently covers the would-be deposition topics for the 30(b)(6) deponent, so that deposition is unnecessary.  (*Id.* at PageID.4618-20).  It similarly argues that necessity was not shown for Messrs. Ruud and Stiers, and that both are apex officials who should be shielded from depositions.  (*Id.* at PageID.4620-26).

The motion is **GRANTED** with respect to the Rule 30(b)(6) deposition. Given the seriousness of the issues at stake and the remedy in question, as well as the fact that the government has not taken a deposition of any of the New Defendants, the Court finds this deposition necessary and will allow this deposition to go forward.  Now that these entities are parties to the litigation, it is necessary for the United States to question their representative about the relationship with

EES Coke and decision-making from *their* perspective, not just from EES Coke's perspective. Thus, the Court is not convinced that the discovery obtained from EES Coke obviates the need to depose the New Defendants. Further, perhaps the government will get some or much of the information it seeks through written discovery, but that is not sufficient reason to preclude the deposition.

The motion is **DENIED** as to fact witnesses Ruud and Stiers. First, the United States proposes to depose these witnesses for their ability to testify about the New Defendants' role in decision-making for the facility and the role each New Defendant plays for the facility and EEC Coke. (ECF No. 125, PageID.4520-21). The role the New Defendants plays for the faculty and EES Coke is a subject to be covered during the 30(b)(6) deposition. (*See id.* at PageID.4519). Because it appears that the government can obtain the information it wants from Ruud and Stiers through the corporate witness, these depositions are unnecessary. Second, the government did not make a persuasive showing of necessity. It described Ruud as potentially being a "valuable deponent." Being valuable does not equate to being necessary. It described Stiers as a "critical witness" because some decisions were reserved for him. Even so, the 30(b)(6) witness can testify about decisions made by any of the New Defendants that impacted EES Coke and/or the facility. That some decisions were reserved for Stiers, without more, does not amount to a

6

particularized showing of necessity.  Finally, the government did not explain why the depositions taken of EES Coke and other fact witnesses on the same or similar topics was insufficient, or why written discovery to date is insufficient.  Because the government has deposed EES Coke and other fact witnesses, including eight listed in New Defendants' initial disclosures, and will depose the New Defendants through a corporate representative, the Court is not convinced that these other depositions are *necessary*.

The Court also notes that it is of no moment that the New Defendants listed more than 10 potential witnesses in their initial disclosures.  *See Brunckhorst v. Bischoff*, 2022 WL 6991285, at *2 (S.D.N.Y. Oct. 12, 2022) ("even if a witness might have discoverable information, a party is not always entitled to depose that individual.") (citation omitted); *Talismanic Properties, LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017) ("the mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense.") (citation omitted).  Parties do not have the right to depose every witness included in initial disclosures.

The Court is aware that discovery is closed.  The parties should work together to schedule the deposition as soon as practicable.  This Order should not create conflict with remaining case scheduling deadlines.

7

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: October 9, 2024                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge