UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　Case No. 22-11191
　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　Gershwin A. Drain
　　　　　　　　　　　　　　　United States District Judge

EES COKE BATTERY, LLC;
DTE ENERGY SERVICES, INC.;　　Curtis Ivy, Jr.
DTE ENERGY CO.; and DTE　　　　United States Magistrate Judge
ENERGY RESOURCES, LLC,
　　　　　　　　　　Defendants.
_____/

## ORDER GRANTING IN PART MOTION
## TO STRIKE EXPERTS (ECF No. 120)

A.　Background

The Defendants, collectively referred to as EES Coke, move to strike two of

Plaintiff's expert reports on the grounds that the experts reviewed confidential

settlement communications and that one reviewed and cited an attorney-client and

work product privileged document that EES Coke clawed-back as inadvertently

produced.  (ECF No. 120).  This motion was referred to the undersigned.  (ECF

No. 123).

Before the United States filed this lawsuit, the parties engaged in settlement

discussions.  During the negotiations, EES Coke provided documents to Plaintiff's

Department of Justice describing its settlement position and containing information

supporting that position.  (ECF No. 120, PageID.4192).  Each document is marked

as a "confidential settlement communication subject to FRE 408."  (*Id.* at

PageID.4195).  The documents at issue concern potential mitigation projects.

Mitigation will become a necessary part of damages calculations should

Defendants be found liable for violating the Clean Air Act.

One of the mitigation analyses created during settlement negotiations was

also marked as confidential attorney-client privilege and attorney work product.

EES Coke inadvertently produced this document to Plaintiff during June 2023,

identified as EES Coke_0062026, but clawed it back in October 2023.  (*Id.* at

PageID.4195-96).  This document informs costs calculations that go to EES Coke's

potential liability.  (*Id.* at PageID.4197-98).

Plaintiff designated Mr. Lewis Benson and Dr. Ranajit Sahu as experts on

liability and mitigation issues.  Benson opined on the costs of remediation

equipment installation and operation.  He referenced three documents exchanged

during settlement negotiations.  Dr. Sahu opined on liability and mitigation or cost-

effectiveness.  His report cites several settlement communications and references

the privileged document that EES Coke clawed back.

EES Coke argues that both reports should be stricken because of the experts'

review and consideration of the confidential documents in forming their opinions.

It asserts that it is too late for Plaintiff to designate new experts in their place because doing so will delay resolution of the litigation considering that EES Coke will also need the opportunity for expert discovery and rebuttal reports.

Plaintiff raises many reasons why reference to or use of settlement documents is not a sufficient basis to strike the reports. As shown below, those arguments are unavailing. Next, Plaintiff acknowledges the mistake in allowing Dr. Sahu to review the clawed-back confidential document but insists there was no harm because Sahu has since deleted the document and the information in that document is available elsewhere in non-confidential sources. Plaintiff offered to provide an updated report from Sahu that does not rely on or include the confidential document, but EES Coke refused the offer. (ECF No. 121).

B.    Discussion

1.    Confidential Settlement Communications

EES Coke disputes the use, directly or indirectly, of settlement communications as evidence before the Court and at trial. As this is not a discovery dispute, the Federal Rules of Evidence and related case law govern here.[1]

---

[1] Plaintiff says that EES Coke cites Fed. R. Evid. 408 in "passing" and does not rely on it. The government insists that Rule 408 does not aid EES Coke because it concerns admissibility, not confidentiality, and it allows for the admission of some settlement material in some circumstances, though the government does not spell out which circumstances would allow

The Sixth Circuit recognizes a "settlement privilege." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003). *Goodyear* was decided in the context of a request by a third party to discover settlement communications exchanged between the parties prior to the lawsuit. The court noted the "strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations" so that parties would "feel uninhibited in their communications." *Id.* at 980. Without a privilege, there is the chance that parties will forgo the negotiation process altogether. *Id.* The court also noted that maintaining confidentiality in settlement communications is a tradition in this country. *Id.* Given these policy considerations, the court recognized the privileged nature of settlement communications and documents.

*Goodyear* addressed the discoverability of settlement communications, not the admissibility. That case helps inform the policy considerations behind settlement communications, but it does not apply here because the motion to strike does not involve the discovery of settlement communications. *See Keith v. Bruce*, 2021 WL 6804124, at *7 (W.D. Ky. Nov. 2, 2021) ("*Goodyear* does not apply

---

admission here. (ECF No. 121, PageID.4258, n. 7). For the reasons explained below, Plaintiff's arguments lack merit. Rule 408 applies and precludes admission of experts that consider settlement communications. And while EES Coke cited Rule 408 only once in the opening brief, the cases on which it relies in turn rely on Rule 408, among other things. Rule 408 governs the questions presented: can the United States rely on experts who considered settlement communications.

because the issue here does not involve the discovery of settlement communications.").

There is a small window of admissibility of settlement communications. Rule 408(a) of the Federal Rules of Evidence provides that "[e]vidence of . . . conduct or statements made in compromise negotiations . . . is not admissible to prove or disprove the validity or amount of a disputed claim."  Such communications, however, can be used to prove bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.  *Id.*; § 5314 Exceptions—Other Permissible Uses, 23 Fed. Prac. & Proc. Evid. (2d ed.).  The justifications for the settlement privilege cited in *Goodyear* are the same justifications for Rule 408.  *See Goodyear*, 332 F.3d at 980, 983 (Justifications include that "statements made in furtherance of settlement are *never* relevant" because they may contain puffery as they are offered in a desire for peace rather than as a concession of weakness) (emphasis in original; citation omitted); § 5302 Policy, 23 Fed. Prac. & Proc. Evid. (2d ed.).

It is undisputed that the documents at issue were created and shared to further settlement negotiations.  If used or intended to be used for disputing the validity or amount of a claim, then they are inadmissible.

5

Plaintiff insists that Mr. Benson used the settlement documents for permissible purposes. Mr. Benson referenced three of the documents in his expert report. One document, a summary of results from a study EES Coke commissioned, was used to simply note that EES Coke engaged a firm to conduct a coke oven gas desulfurization study. (ECF No. 122-1, PageID.4332). This use is not about the amount or validity of a claim, so it may be admissible. But Benson's use of the other two documents is problematic. One of these, a letter from EES Coke counsel to Department of Justice counsel, includes information from the summary of results in the first document and information about a 2012 cost estimate. Benson used this letter to contrast cost estimates. (*Id.* at PageID.4333). It would seem that this use goes to the validity or amount of a claim. The third document is another letter that includes design, capital, and operating costs from prior desulfurization estimates. Benson referenced the costs in this letter to indicate that he reviewed and understood the basis for EES Coke's cost estimates. He insists that he did not use the information as a source to develop his own cost estimate. (*Id.* at PageID.4334). Though Benson may not have based his opinion on the information, he used information in one document to compare estimates and information in another to form his understanding of EES Coke's estimates. These

6

uses go to the validity or amount of a claim.  An expert report using settlement communications in this way is inadmissible.

Dr. Sahu acknowledges that he reviewed some settlement communications and thus properly identified them in his list of materials considered, but he insists that he did not rely on them to support his opinions.  (ECF No. 122-6, PageID.4485).  Because Dr. Sahu was not citing the documents in the narrative of the report, the Court cannot say for certain that they were used to assess the validity or amount of a claim.  Without more information, the Court does not know the purpose Plaintiff intends for Sahu's report.  That said, Dr. Sahu's exposure to inadmissible information is a germ that infects the report.

Other courts striking expert reports for references to settlement communications find the problem in the expert's review of the confidential documents.  "No admonition, reprimand, mediation training or assessment of costs can remove from the experts' minds the information to which they have been exposed." *Irwin Seating Co. v. Int'l Business Machines Corp.*, 2007 WL 518866, at *4 (W.D. Mich. Feb. 15, 2007).  The experts cannot simply forget what they reviewed and be sure to keep that confidential from the Court and the jury.  *See also Tanger Grand Rapids, LLC v. Nederveld, Inc.*, 2021 WL 5861532, at *3 (W.D. Mich. Aug. 4, 2021) (noting that the expert could not forget his exposure to

7

case theory in settlement communications; the expert was stricken). Plaintiff

points to no cases admitting expert reports in similar circumstances. Plaintiff's

experts were exposed to information that is inadmissible (Plaintiff has not

persuasively explained a permitted reason to use the settlement documents). That

exposure cannot be allowed to further expose the Court and jury.

This case is much like *Irwin*, 2007 WL 518866. The parties there engaged

in mediation negotiations. Days later, the court issued an order providing that all

information disclosed during mediation must remain confidential. The mediator

issued a letter to the parties reiterating that the mediation process was confidential.

And the court had a local rule providing that information disclosed during dispute

resolution processes could not be revealed without the consent of the disclosing

party, and that mediation proceedings were considered negotiations contemplated

in Fed. R. Evid. 408. *Id.* at *1-2. Despite the court order, letter, and local rule, the

plaintiff's attorney gave some of the defendant's confidential mediation documents

to its experts. Its experts reviewed the documents and cited them in their reports,

though they insisted they did not rely on the documents. *Id.* at *1. The court

concluded that sharing the documents with the experts violated confidentiality and

rendered them inadmissible. *Id.* at *2 ("[P]laintiff's conduct was in direct

derogation of the order of this court, the directions of the mediator, and the

8

common understanding of the purpose for which the mediation documents were to be used."). To cure the violation, the court struck the expert reports because even if the experts did not rely on the documents, they reviewed them and that bell could not be unrung. *Id.* *3.

Plaintiff argues that it was not required to keep the documents confidential because there is no court order or local rule requiring confidentiality and because EES Coke used settlement documents during discovery. It insists that a mutual expectation of privacy is necessary for the settlement privilege to apply. Finally, it argues that the documents are not the kinds of documents intended to be protected from disclosure because they are purely technical. Plaintiff says that documents consisting of facts or technical data are not covered by the settlement privilege.

Plaintiff's arguments are unavailing.

To begin, Plaintiff is correct that Rule 408 does not prohibit sharing settlement communications with its experts. Sharing the documents is not the crux of EES Coke's dispute. It is the use of those documents through the experts and their reports that conflicts with Rule 408.

Next, Plaintiff's insistence that settlement documents are not confidential unless a rule, order, or agreement says so is unsupported and misplaced. (*See* ECF No. 121, PageID.4254-55). First, Rule 408 does not require a court order or local

9

rule establishing the confidentiality of settlement communications to bar their admission. In other words, a court order or local rule related to confidentiality is not a prerequisite to application of Rule 408.

Second, Plaintiff attempts to marshal support by distinguishing EES Coke's cases, but those distinctions are unpersuasive. Plaintiff points out that in many of EES Coke's cases, the facts included a court order or mediator's order to keep communications confidential. Even so, those orders were not why the courts did not permit use of the documents. In *Goodyear*, the district judge who presided over the settlement negotiations "admonished that all talks were to remain confidential." But nothing in the Sixth Circuit's analysis suggests that its holding was dependent on that admonishment rather than on the rationale for Rule 408 and public policy. 332 F.3d at 978. And the local rule and court order for confidentiality in *Irwin*, 2007 WL 518866, at *1, were not the sole basis of the court's decision to strike expert reports; instead, it was the "clear violation of the court's order *and the settlement privilege generally*" that required exclusion of the expert reports. (Emphasis added). Finally, in *In re Student Fin. Corp.*, 2007 WL 4643881, at *1 (D. Del. May 25, 2007), there was a mediation agreement to keep documents confidential, but the court struck the expert reports for the additional reason that settlement discussions must be kept out of the court during the

adjudicative process.  In short, it was the policy concerns surrounding the private

settlement communications between parties that guided the courts' decisions.  So,

Plaintiff's reliance on a single fact to distinguish a few cases does not save its

experts' reports.

Next, the Court does not credit Plaintiff's contention that "mutual

expectation of confidentiality" is required for the settlement privilege or protection

to apply.  (ECF No. 121, PageID.4254-55).  Here, the government cites *Phoenix*

*Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583-84 (N.D. Cal. 2008).

The Court finds this out-of-circuit case unpersuasive.  For one thing, it decided a

discovery dispute, not admission of evidence at trial.  Conclusions made about

what is *discoverable* carry little to no weight in deciding whether evidence is

*admissible*.  Indeed, even the *Phoenix* court repeatedly noted that it was deciding a

discovery issue outside the bounds of Rule 408.  *See, e.g.*, *id.* at 585 ("The court

reminds Phoenix that Wells Fargo seeks the documents during the course of

discovery and is not requesting admission of evidence at trial.").  This repeated

recognition shows that its holding does not apply to whether the documents would

be admissible.  If the *Phoenix* court would not apply its own holding to

admissibility, the Court sees no reason why that case should apply here.

Nor did *Phoenix* explain what a "legitimate and explicit expectation" of confidentiality means, thus, the Court cannot say the parties lacked a legitimate and explicit expectation of privacy. What is more, nowhere in Rule 408 is such an expectation of privacy mentioned. Further, support for that court's conclusion is based on two points inapplicable here. It pointed to cases in which other courts required production of documents but with redaction—we are not concerned with production of documents. It also cited *Goodyear* for the proposition that the court held that "settlement negotiations [that] occurred under a confidentiality order" were privileged. *Id.* at 583. Again, the existence or non-existence of a confidentiality order is of no moment here. In sum, *Phoenix* is inapposite.

Next is the argument that the privilege does not apply because EES Coke used settlement documents in discovery. (ECF No. 121, PageID.4256). This argument is unsupported with any case law. And importantly, the Sixth Circuit and many other courts addressed the discoverability of settlement communications—they are discoverable with certain limitations. *See, e.g.*, *Goodyear*, 332 F.3d 976; *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, *45 (S.D. Ohio Nov. 13, 2012). These cases do not say that once produced in discovery they lose Rule 408 protections. Discoverability is not the same as admissibility.

Last to address is the argument that the documents are not protected because they are not the kinds of documents covered by the settlement privilege.  Rather, Plaintiff insists that they are technical documents reinforcing the parties' positions rather than making concessions about weaknesses.  (ECF No. 121, PageID.4257). Plaintiff relies on *Graff*, 2012 WL 5495514, at *44-45, another case deciding discovery disputes unconnected to Rule 408 admissibility.  *Graff* said that the settlement privilege does not apply to factual or technical data.  What Plaintiff seems to suggest is that facts or admissions of fact exchanged during settlement negotiations are admissible.  This is incorrect because Rule 408 "adopts a rule excluding factual admissions made in the course of settlement negotiations." *Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 445 (6th Cir. 2010).  Facts are, it would seem, inadmissible if contained in settlement documents.

Notably, neither party says that the information in the settlement communications is the same information in other admissible sources or reflects a complete and accurate picture of the facts.  On this record, it appears that the study analyses in the settlement communications appear only in those settlement communications.  Thus, Plaintiff did not sufficiently make the argument that the documents are purely technical, wholly devoid of puffery or posturing not intended to be protected from admission.  Nothing suggests that EES Coke provided wholly

accurate and up-to-date information for the studies, wholly devoid of puffery. (*See, e.g.*, ECF No. 120, PageID.4194) (EES Coke describes the retention of a consultant "to prepare a *conceptual* feasibility analysis of desulfurization technology"). The Court acknowledges that the settlement privilege exists because settlement negotiations "are typically punctuated with numerous instances of puffing and posturing," and "[w]hat is stated as fact on the record could very well not be the sort of evidence which the parties would otherwise contend to be wholly true." *Goodyear*, 332 F.3d at 981. What EES Coke stated as fact during negotiations may not be the facts it intends to use in the litigation to establish its defense; Plaintiff did not argue otherwise.

As in *Irwin*, the Court finds that the reports are inadmissible and must be stricken on the remedies issue. Plaintiff urges the Court not to strike the reports in whole, to instead use a scalpel rather than a butcher knife.[2] (ECF No. 121, PageID.4261). If it were possible to use a scalpel, the Court would. But Plaintiff provided no guiderails, no clear delineations between portions of the reports that are tainted by the experts' review of documents and portions completely free from

---

[2] Plaintiff argues that the Court should follow the Fourth Circuit and assess certain factors before striking reports as a sanction for violating confidentiality. (ECF No. 121, PageID.4259-61). The Court is not striking the reports as a sanction for violating confidentiality. Rather, the reports are stricken as inadmissible under Fed. R. Evid. 408. Thus, the Court will not use the Fourth Circuit's factors.

impermissible use or knowledge.  The harm to EES Coke is done—the experts

know of facts they should not possess, and they referenced supporting documents

in their reports.  As *Irwin* pointed out, "[b]ecause the information in issue is

confidential, Defendants will be unable to fully challenge the experts' assertions

that their opinions were not influenced by confidential settlement knowledge."

2007 WL 518866, at *3; *see also In re Student Fin. Corp.*, 2007 WL 4643881, at

*1 ("Plaintiffs argument that disclosure of the statements to their experts is not

harmful to Defendants because the statements do not contain prejudicial

information.  Regardless of any effect of the content, the courts must remain blind

to any confidential statements made during the course of settlement negotiations").

And as explained in *Irwin*, simply deleting references and asking the experts to

forget what they reviewed will not unring the bell and cure the problem.  The

reports are inadmissible because they are tainted by review and reference to

settlement communications.  There is no conceivable way to remove that blemish

without striking the reports in whole.

The motion is **GRANTED IN PART**.  Benson's report is **STRICKEN** in

its entirety and Dr. Sahu's report is **STRICKEN** as to the portion addressing

appropriate remedies.  It appears that Sections I through IX of Sahu's report do not

concern mitigation, so his testimony should not cross into that topic; these sections

are not stricken.  (ECF No. 122-5).  As the dispositive motion date is February 18, 2025, Plaintiff has an opportunity to provide a new expert report covering the areas stricken in this Order.  Hopefully Plaintiff did not sit idly by while this dispute was pending.  It should have had a contingency plan to address this potential outcome. There may be sufficient time, if the parties move quickly, for Plaintiff to retain a new expert on mitigation, serve the report, and for Defendants to rebut the report, ideally with the experts they have already retained.  The Court is optimistic that the schedule will remain unchanged.

2.     Confidential Document EES Coke_0062026

The final issue is Dr. Sahu's reference to the attorney-client- and work-product-privileged document in his report on cost-effectiveness of certain mitigation procedures.  This issue is moot given that the Court has stricken the report to the extent that it covers remedies or mitigation.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 2, 2024                   s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge