UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 22-11191
v.                             U.S. DISTRICT COURT JUDGE
                                      GERSHWIN A. DRAIN

EES COKE BATTERY, LLC, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS, AND OVERRULING THE GOVERNMENT'S OBJECTIONS, TO MAGISTRATE JUDGE IVY'S ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE**

**I.    INTRODUCTION**

Presently before the Court are Defendants' and the Government's objections to Magistrate Judge Ivy's order granting in part Defendants' motion to strike Lewis Benson's and Dr. Ranajit Sahu's expert reports. Pursuant to Federal Rule of Evidence 408, Magistrate Judge Ivy's order strikes the entirety of Mr. Benson's report and portions of Dr. Sahu's report because these experts reviewed confidential settlement communications in the course of preparing their reports. For the reasons that follow, Defendants' objections are sustained in part and overruled in part, and

the Government's objections are overruled.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is detailed in Magistrate Judge Ivy's Order Granting in Part Defendants' Motion to Strike Experts [#134]. Because none of the parties object to its recitation of the facts, the Court incorporates it by reference.

### B. Procedural Background

On July 29, 2024, Defendant EES Coke Battery filed a motion to strike Mr. Benson's and Dr. Sahu's testimony and expert reports, claiming they reviewed confidential settlement communications in the course of preparing their reports, and that Dr. Sahu reviewed and cited an attorney-client and work product privileged document in his report. Pursuant to 28 U.S.C. § 636(b)(1)(A), the undersigned referred this motion to Magistrate Judge Ivy, who granted EES Coke Battery's motion in part. Magistrate Judge Ivy struck the entirety of Mr. Benson's report and the portions of Dr. Sahu's report addressing remedies, reasoning that their review of settlement communications pertained to the validity or amount of a claim, which is prohibited by Federal Rule of Evidence 408.

On December 16, 2024, Defendants filed objections to Magistrate Judge Ivy's order, claiming his decision to strike only portions of Dr. Sahu's report was contrary to law under Rule 408 and the settlement privilege. Defendants also assert that

Magistrate Judge Ivy erred by declining to consider whether Dr. Sahu's reliance on material protected by the attorney-client and work product privileges warranted striking his entire report. The Government filed a Response to Defendants' objections on January 17, 2025, and Defendants filed a Reply on January 24, 2025.

The Government filed objections to Magistrate Judge Ivy's order on December 23, 2024, broadly claiming that his decision to strike the experts' reports was "clearly erroneous and contrary to law" for four reasons: (1) under Rule 408, exclusion of an expert report is appropriate only where a party has violated a confidentiality agreement, court order, or local rule; (2) Rule 703 permits experts to rely on inadmissible facts or evidence; (3) Rule 408 does not bar the experts from reviewing the settlement communications because the documents do not go to the validity or amount of a claim; and (4) exclusion at this stage is premature and should instead be determined at trial. Defendants filed a Response on January 17, 2025, and the Government filed a Reply on January 24, 2025.

### III.  LEGAL STANDARD

When a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

been committed." *United States v. Mabry*, 518 F.3d 443, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[T]his standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citation omitted). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Id.* (citation omitted). "The 'contrary to law' standard requires the district court [to] employ independent judgment in determining whether the magistrate judge's legal conclusions contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (citation and quotation marks omitted). "Legal conclusions are reviewed *de novo*." *McClean v. Ogemaw Cnty.*, 642 F. Supp. 3d 616, 619 (E.D. Mich. 2022) (citation omitted).

"Objections to a magistrate judge's non-dispositive order must be both timely and specific." *Peterson v. Burris*, No. 14-cv-13000, 2016 WL 3995937, at *1 (E.D. Mich. July 26, 2022) (citing *Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002)). "The parties have the duty to pinpoint those portions of the magistrate's [order] that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented, does not sufficiently

4

identify alleged errors on the part of the magistrate judge." *Peterson*, 2016 WL 3995937, at *1 (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). "An 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." *Id.* (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Furthermore, "absent compelling reasons," objecting parties may not raise new arguments or issues that were not previously presented to the magistrate judge. *United States v. Santos*, 1:18-cr-20719, 2021 WL 5563972, at *5 (E.D. Mich. Nov. 29, 2021) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

## IV. <u>ANALYSIS</u>

### A. Defendants' Objections

Defendants claim Magistrate Judge Ivy's decision to strike portions, rather than the entirety, of Dr. Sahu's report was clearly erroneous because Rule 408 and the settlement privilege prohibit an expert from reviewing confidential settlement materials in the course of preparing his report. Rule 408 provides that "conduct or a statement made during compromise negotiations about [a] claim" are inadmissible to prove or disprove the validity of the claim. Fed. R. Evid. 408(a). Expanding on Rule 408, the Sixth Circuit recognized a formal "settlement privilege" in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003),

5

which protects "any communications made in furtherance of settlement." *Id.* This privilege serves the "public policy favoring secret negotiations" and encourages out-of-court dispute resolution. *Id.* at 981. It also recognizes "the inherent questionability of the truthfulness" of statements made during settlement negotiations, as they "are typically punctuated with numerous instances of puffing and posturing since they are motivated by a desire for peace rather than from a concession of the merits of the claim." *Id.* (citation and internal quotations omitted). Furthermore, while *Goodyear* was discovered in the context of the discoverability of settlement communications, both the Sixth Circuit and this Court have applied it in other contexts. *See, e.g.*, *In re The Wendy's Co. S'holder Derivative Action*, 44 F.4th 527, 537-38 (6th Cir. 2022) (holding that *Goodyear*'s settlement privilege precluded a party from using confidential settlement communications to object to the settlement in a shareholder derivative action); *Scheurer Hospital v. Lancaster Pollard & Co.*, No. 12-cv-11536, 2012 WL 5471135, at *3 (E.D. Mich. Nov. 9, 2012) ("[W]hile Rule 408 would preclude admission of statements made during negotiations for the purpose of proving or disproving the validity or amount of a disputed claim or for impeachment purposes, *Goodyear* extends the settlement privilege in our circuit to preclude discovery or admission of statements made during negotiations for *any* purpose.").

6

It does not appear this Court has ever addressed whether the settlement privilege precludes an expert witness from reviewing settlement communications in the course of preparing his expert report. Nevertheless, cases decided by other courts in this circuit—which Magistrate Judge Ivy relied upon in his order—lend useful guidance. For example, in *Irwin Seating Co. v. Int'l Bus. Mach. Corp.*, No. 1:04-cv-568, 2007 WL 518866 (W.D. Mich. Feb. 15, 2007), the Western District of Michigan reasoned that in cases where one party discloses the other party's settlement communications to its expert witnesses, that information is "inherently prejudicial" and amounts to an " 'ill-gotten advantage,' even if the extent of the prejudice is not precisely measurable." *Id.* at *5 (citation omitted). The court held that striking the experts in their entirety was appropriate to honor the settlement privilege because "[n]o admonition, reprimand, mediation training or assessment of costs can remove from the experts' minds the information to which they have been exposed." *Id.* at *4; *see also Tanger Grand Rapids, LLC v. Nederveld, Inc.*, No. 1:18-cv-1125, 2021 WL 5861532 (W.D. Mich. Aug. 4, 2021) (striking expert under similar circumstances because the expert "at least knows 'the thinking and reasoning used in the [settlement materials]'" and this information cannot simply "be forgotten").

Similarly here, Dr. Sahu's review of information protected by the settlement privilege warrants striking the entirety of his report. While Dr. Sahu avers that he

7

did not rely upon the settlement communications in forming his opinions, he nevertheless reviewed them. This information cannot simply be forgotten, and there is no way for the Court to ascertain whether his report was influenced, consciously or subconsciously, by the communications. The Government has not identified an alternative measure that adequately addresses the improper knowledge Dr. Sahu has acquired as a result of reviewing these communications. Nor has the Government offered any case law or argumentation demonstrating that Defendants' use of these communications during discovery waived the settlement privilege. Therefore, this objection is sustained.

Given the undersigned's determination that the entirety of the report shall be stricken pursuant to the settlement privilege, the Court finds it unnecessary to consider whether Dr. Sahu's reliance on material protected by the attorney-client and work product privileges warrants striking his entire report. Therefore, this objection is overruled.

### B. The Government's Objections

The Government broadly claims Magistrate Judge Ivy's order was "clearly erroneous and contrary to law" for four reasons: (1) under Rule 408, exclusion of an expert report is appropriate only where a party has violated a confidentiality agreement, court order, or local rule; (2) Rule 703 permits experts to rely on inadmissible facts or evidence; (3) Rule 408 does not bar the experts from reviewing

the settlement communications because the documents do not go to the validity or amount of a claim; and (4) exclusion at this stage is premature and should instead be determined at trial.

The Government's objections suffer from several deficiencies. First, the Government does not state its objections with specificity, instead objecting to the entirety of the order and advancing four arguments as to why it disagrees with Magistrate Judge Ivy's decision to strike its experts.

Second, only one of the Government's arguments—that exclusion of an expert report is appropriate under Rule 408 only where the party has violated a confidentiality agreement, court order, or local rule—addresses an issue it raised before Magistrate Judge Ivy. And even this claim is lacking, as it merely restates arguments it previously presented to, and were rejected by, the magistrate judge. *Compare* ECF No. 121, PageID.4254-56, *and* ECF No. 134, PageID.4760, *with* ECF No. 139, PageID.4812-13.

The Government's remaining arguments address issues it did not present to Magistrate Judge Ivy. It claims this is not a procedural defect because it is merely responding to the issues raised in the order, which "veered from the core basis of Defendants' motion" by focusing on Rule 408. ECF No. 146, PageID.5137. That Defendants did not focus on Rule 408 in their Motion to Strike, however, does not bear on the Government's obligation to raise to the magistrate judge any and all

9

arguments supporting its position that exclusion of its experts' reports is unwarranted. Its failure to do so amounts to a waiver of these arguments. Therefore, the Government's objections are overruled.

## V. **CONCLUSION**

Based on the foregoing, Defendants' objections to Magistrate Judge Ivy's order granting in part Defendants' Motion to Strike are SUSTAINED IN PART and OVERRULED IN PART, and the Government's objections are OVERRULED.

SO ORDERED.

Dated: March 7, 2025
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 7, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager