UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>v.<br><br>EES COKE BATTERY, LLC;<br>DTE ENERGY SERVICES, INC.;<br>DTE ENERGY CO.; and DTE<br>ENERGY RESOURCES, LLC,<br>                Defendants.<br>_____/ | Case No. 22-11191<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER REGARDING MOTIONS TO SEAL (ECF Nos. 143, 167, 177, 206, 225) and TERMINATING AS MOOT MOTION TO COMPEL (ECF No. 151) and MOTION TO STRIKE DR. SAHU'S EXPERT REPORT (ECF No. 170)**

    A.    <u>Regarding Motions to Seal</u>

Defendants have filed five motions to seal other motions and attachments to those motions. There are problems with the motions that require the Court to **DENY** them **WITHOUT PREJUDICE**. The motions do not comply with existing precedent nor contain enough information for the Court to comply with existing precedent were it inclined to grant the motions.

The Sixth Circuit has long recognized a "strong presumption in favor of openness" in court records. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson*

*Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The "heavy" burden of overcoming that presumption rests with the party seeking to seal the records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The moving party must show that it will suffer a "**clearly defined and serious injury**" if the judicial records are not sealed. *Id.* at 307 (emphasis added). This burden must be met **even if no party objects to the seal**, and it requires a "document-by-document, line-by-line" demonstration that the information in the document meets the "demanding" requirements for the seal. *Id.* at 308.

The Sixth Circuit reaffirmed this mandate just days ago in *Grae v. Corrections Corp. of Am.*, -- F.4th --, 2025 WL 1132413 (6th Cir. Apr. 17, 2025). It reminded District Courts that "[o]nly the most compelling reasons can justify non-disclosure of court records." *Id.* at *2 (citation omitted). "[E]ven when 'a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.'" *Id.* (quoting *Shane Group*, 825 F.3d at 305).

Defendants gave short shrift to explaining why the Court should seal documents. Four out of five of the motions tell the Court that "[t]here is no compelling reason to file this information publicly because it is unnecessary for the

2

public to understand any alleged wrongdoing in this case." (ECF Nos. 143, 167, 206, 225). That is not the standard. The other motion leaves off the "because it is unnecessary for the public to understand any alleged wrongdoing in this case" clause. (ECF No. 177). They listed the documents they seek to seal in a table with a column for "compelling interests." Those interests are not defined well enough to be compelling. For instance, Defendants moved to seal an entire motion for summary judgment because it "[e]xtensively discusses detailed internal information regarding the[ir] internal business structure" including information about their management, investor relations, and organizational documents. (ECF No. 167, PageID.9192). It is unclear how Defendants will be harmed if the public learns its business structure, management, relations, or organizational documents.

"Platitudes about 'competitively-sensitive' information are not enough; the proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury.'" *Grae*, 2025 WL 1132431, at *3 (quoting *Shane Grp.*, 825 F.3d at 307). "[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation omitted). The "'bald assertion' that disclosure of

3

information would harm a party's 'competitive position'" is not good enough. *Grae*, 2025 WL 1132413, at *3 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 547 (7th Cir. 2002)). Defendants must do more if they want their documents to be sealed.

Nor do the motions seek a narrowly tailored seal of documents. Defendants want the Court to seal entire briefs and entire exhibits when it is a virtual impossibility that every sentence in a brief or every response to a question or every line in some other document must be sealed to protect a party from "clearly defined and serious harm." The Court will not seal an entire motion, it will not seal an entire transcript or even an entire excerpt of a transcript. The parties need to reevaluate their motions to come up with a way to achieve their goals in a much more narrowly tailored fashion. Right now, the pants are not even on, let alone tailored.

After Defendants have whittled down what they want sealed, the Court reminds them that where they do not seek to seal an entire document they must file a public version of the document with the purportedly sensitive material redacted. E.D. Mich. L.R. 5.3(b)(3)(A)(v).

Finally, the United States filed a response brief under seal citing the Protective Order which purports to allow parties to file documents under seal

4

without filing a Local Rule 5.3 motion if both parties agree to the seal. (ECF No. 182, PageID.13116-17). As demonstrated above, that is not the law in this Circuit.

**Any party who wishes to file anything under seal must seek leave of Court to do so**. So the United States must file a motion to seal its entire response brief found at ECF No. 182, or a narrowly tailored portion of the brief if it finds that sealing the entire document would be inappropriate. Since the government filed the brief under seal for Defendants' benefit, the parties should confer on the need to seal the brief and any exhibits.

For now, all documents currently filed under seal will remain that way. But the parties must file new or renewed motions to seal along with public redacted copies of the documents and sealed unredacted versions in accordance with prevailing Sixth Circuit jurisprudence. These new motions must be filed **by Monday, April 28, 2025**.

 B. Motion to Compel and Motion to Strike Dr. Sahu (ECF Nos. 151, 170)

The Court struck Dr. Sahu's expert report in whole. (ECF No. 191). Thus, the motion to strike the report (ECF No. 170) is **TERMINATED AS MOOT**. So too is Plaintiff's motion to compel production of a confidential document Dr. Sahu reviewed while drawing expert conclusions. (ECF No. 151). The government conceded that "[i]f the Court upholds the exclusion of Dr. Sahu's testimony on

5

remedy issues, the decision would moot this motion." (*Id.* at PageID.5355). Since Dr. Sahu's report is stricken, the motion is **TERMINATED AS MOOT**.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 22, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge