UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                    Case No. 22-11191
v.                                                  U.S. DISTRICT COURT JUDGE
                                                    GERSHWIN A. DRAIN

EES COKE BATTERY, LLC, *et al.*,

                    Defendants.

_____/

## OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDERS [#275, #281, #282, #284]

### I.    INTRODUCTION

The parties have filed numerous evidentiary motions, most of which seek to limit or exclude expert testimony. The undersigned referred these motions to Magistrate Judge Curtis Ivy, Jr., and presently before the Court are the parties' objections to his rulings.

The Government objects to the magistrate judge's exclusion of Dr. Joel Schwartz's expert opinions on the health impacts caused by EES Coke's excess pollution from 2023 to 2028. It argues that the magistrate judge erroneously found that these opinions fall outside of the scope of permissible rebuttal.

Plaintiff-Intervenor Sierra Club raises three objections. First, it claims the magistrate judge improperly denied as moot its motion to exclude Dr. Kathryn Kelly's expert testimony. Second, it argues that the magistrate judge erroneously denied the Government's motion to exclude Dr. Kelly's expert testimony. Third, Sierra Club challenges the magistrate judge's decision granting Defendants' motion to seal.

Lastly, Defendants assert nearly a dozen objections challenging the magistrate judge's: (1) exclusion of Eric Marko's expert testimony; (2) denial of their motion to partially exclude Dan Leistra-Jones's expert testimony; (3) denial of their motion to limit Virginia Galinsky's expert testimony and to compel her deposition; (4) denial of their motion to exclude Ms. Galinsky's expert testimony in its entirety; (5) decision to grant the Government's motion to strike their untimely arguments regarding Lyle Chinkin's and Dr. Schwartz's reliance on excluded expert testimony; and (6) exclusion of Brian Leahy's expert opinions on CAMx.

For the reasons that follow, these objections are overruled.

## II.   <u>LEGAL STANDARD</u>

A party may file objections to a magistrate judge's ruling on a non-dispositive matter.  Fed. R. Civ. P. 72(a).  When a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "The 'clearly erroneous'

standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citation omitted).

A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 443, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[T]his standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins.*, 47 F. Supp. 3d at 538 (citation omitted).

"The 'contrary to law' standard requires the district court [to] employ independent judgment in determining whether the magistrate judge's legal conclusions contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (citation and quotation marks omitted). "Legal conclusions are reviewed *de novo*." *McClean v. Ogemaw Cnty.*, 642 F. Supp. 3d 616, 619 (E.D. Mich. 2022) (citation omitted).

 "Objections to a magistrate judge's non-dispositive order must be both timely and specific." *Peterson v. Burris*, No. 14-cv-13000, 2016 WL 3995937, at *1 (E.D. Mich. July 26, 2022) (citing *Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002)).

"The parties have the duty to pinpoint those portions of the magistrate's [order] that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge." *Peterson*, 2016 WL 3995937, at *1 (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). Furthermore, "[a]n 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." *Id.* (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "[A]bsent compelling reasons," objecting parties may not raise new arguments or issues that were not previously presented to the magistrate judge. *United States v. Santos*, 1:18-cr-20719, 2021 WL 5563972, at *5 (E.D. Mich. Nov. 29, 2021) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

### III.   <u>ANALYSIS</u>

#### A. The Government's Objections (ECF No. 282)

The Government challenges the magistrate judge's exclusion of Dr. Schwartz's expert opinions on the health impacts caused by EES Coke's excess pollution for the years 2023 to 2028. It claims the magistrate judge erroneously found that these opinions fall outside of the scope of Dr. Schwartz's rebuttal to Dr.

Kelly's expert opinions. According to the Government, Dr. Kelly opines that EES Coke's pollution "causes no harm," ECF No. 282, PageID.20312, and Dr. Schwartz's opinions on the health impacts for 2023 to 2028 directly rebut this testimony "by quantifying the entire harm caused by Defendants' illegal emissions for future years." ECF No. 299, PageID.21986.

Read in context, the excerpts of Dr. Kelly's expert report cited by the Government do not support its characterization of her testimony. Rather than broadly assert that EES Coke's excess pollution causes no harm, Dr. Kelly instead criticizes the evidence and methodologies underlying Dr. Schwartz's opinions, *as set forth in his initial report*. Dr. Schwartz's initial report did not specifically address the health impacts for the years 2023 to 2028, and as such, his opinions on this issue cannot reasonably be seen as responsive to Dr. Kelly's criticisms. Thus, they fall outside of the scope of rebuttal.

Furthermore, the Government argues that the magistrate judge's decision erroneously "ignores" the fact that these opinions are "merely a continuation of Dr. Schwartz's initial opinions that the harm [caused by EES Coke] will continue so long as Defendants operate the facility without installing proper controls." ECF No. 282, PageID.20312. In generating his 2023 to 2028 health impact opinions, the Government posits, Dr. Schwartz "simply use[d] the same reliable methodology to expand his harm analysis from the excess pollution from [EES Coke] for six more

5

years." ECF No. 282, PageID.20317. The Government further claims "[t]here is nothing in Dr. Schwartz's rebuttal opinions that Defendants could not and have not probed through discovery." *Id.* at PageID.20319.

These arguments are unavailing. The expert disclosure requirements are designed to ensure litigants have a fair and reasonable opportunity to probe and rebut their opposing party's expert witnesses. Permitting the parties to disclose new opinions during rebuttal that bear only a tenuous connection to those originally provided undercuts this objective. At bottom, while Dr. Schwartz's initial report states his opinion that harm will continue until proper controls are implemented, he did not specifically opine on the health impacts for the years 2023 to 2028. Defendants had no reason to anticipate that Dr. Schwartz would, in fact, later quantify the harm for these years, and thus they were deprived of a fair and meaningful opportunity to present competing expert testimony. That Defendants could have probed this information in discovery does not change the fact that the Government was responsible for complying with the expert disclosure requirements. Accordingly, the Court finds no error in the magistrate judge's exclusion of Dr. Schwartz's opinions on health impacts for 2023 to 2028. Therefore, this objection is overruled.

### B. Sierra Club's Objections (ECF No. 281)

i. <u>Magistrate Judge's Denial of Sierra Club's Motion to Exclude Dr. Kelly</u>

Turning next to Sierra Club's objections, it claims the magistrate judge erroneously denied as moot its motion to exclude Dr. Kelly's expert opinions.

By way of background, Dr. Kelly prepared two expert reports: one responding to Government expert Dr. Schwartz, and one responding to Sierra Club expert Dr. Deborah Gentile. Sierra Club filed a motion to exclude Dr. Kelly's rebuttal of Dr. Gentile, and the Government filed a motion to exclude Dr. Kelly's rebuttal of Dr. Schwartz. In its motion, Sierra Club indicated that it was "incorporat[ing] by reference the United States' motion and accompanying arguments to exclude Dr. Kelly's opinions responding to" Dr. Schwartz, and that it was "focus[ing] its arguments . . . on additional opinions disclosed by Dr. Kelly" as to Dr. Gentile. ECF No. 158, PageID.5550-51. The magistrate judge later excluded Dr. Gentile's testimony, finding that the Court's restrictions on Sierra Club's participation in this case prohibited it from disclosing her as an expert.[1] The magistrate judge then denied as moot Sierra Club's motion to exclude Dr. Kelly's rebuttal of Dr. Gentile.

Sierra Club does not dispute the mootness of its motion as it relates to Dr. Kelly's rebuttal of Dr. Gentile. Instead, it claims the magistrate judge failed to

_____

[1] In allowing Sierra Club to join in this case as an intervening plaintiff, the Court established some restrictions on its participation in the case. Among them is that Sierra Club "shall not initiate or conduct any independent discovery absent consent of all parties or leave of court." ECF No. 38, PageID.2642.

consider the arguments contained therein to the extent they also apply to Dr. Kelly's rebuttal of Dr. Schwartz. However, Sierra Club's motion expressly stated that its arguments related only to Dr. Kelly's rebuttal of Dr. Gentile. "In our adversarial system of adjudication, we follow the principle of party presentation," meaning courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). If Sierra Club intended for its arguments to apply to Dr. Kelly's rebuttal of Dr. Schwartz, it was required to state that position clearly. It did not do so. The fact that it incorporated by reference the Government's motion to exclude does not, by itself, broaden the scope of its arguments. Doing so only indicated to the Court that Sierra Club adopted the specific arguments raised by the Government, which the magistrate judge considered and rejected when he denied the Government's motion.

The Court acknowledges that one of the restrictions imposed on Sierra Club's participation in this case requires it to "confer with [the Government] before filing any pleadings or motions in the case to confirm they are not duplicative." ECF No. 38, PageID.2642. This restriction, however, does not relieve Sierra Club of its obligation to unambiguously articulate the scope of its arguments. Accordingly, the Court finds that the magistrate judge did not err in denying as moot Sierra Club's motion to exclude Dr. Kelly. This objection is thus overruled.

8

ii. Magistrate Judge's Denial of the Government's Motion to
   Exclude Dr. Kelly

Second, Sierra Club objects to the magistrate judge's denial of the
Government's motion to exclude Dr. Kelly's testimony. Beyond claiming that the
magistrate judge "mischaracterize[d]" and "erroneously glossed over" the
Government's arguments, ECF No. 281, PageID.20299-300, Sierra Club does not
cite any authority demonstrating how his purported failure to consider these
arguments render his decision clearly erroneous or contrary to law. As such, this
objection is overruled.

iii. Magistrate Judge's Decision Granting Defendants' Motion to
    Seal

Lastly, Sierra Club contends that the magistrate judge's decision to seal five
documents was "clearly erroneous, as well as contrary to law," for two reasons. ECF
No. 281, PageID.20303. First, Sierra Club claims the magistrate judge "did not
scrutinize [Defendants'] proposed redactions with the same level of specificity and
rigor that Sixth Circuit case law requires." *Id.* at PageID.20304. Second, it posits
that the magistrate judge "clearly erred in not accurately characterizing Sierra Club's
objections or fully reviewing the challenged redactions." *Id.* at PageID.20305.

Here too, Sierra Club fails to explain how the magistrate judge's decision was
clearly erroneous or contrary to law. Specifically, Sierra Club does not explain how
a more rigorous review of Defendants' proposed redactions, as well as consideration

of its allegedly overlooked arguments, would have compelled a different outcome. As such, Sierra Club has not demonstrated that the magistrate judge's decision was clearly erroneous or contrary to law, and thus this objection is overruled.

### C. Defendants' Objections (ECF Nos. 275 & 284)

i. <u>Magistrate Judge's Exclusion of Eric Marko's Expert Testimony</u>

Turning next to Defendants' objections, they challenge the magistrate judge's exclusion of Eric Marko's expert testimony. Mr. Marko is an environmental consultant who has worked with EES Coke since 2017. Defendants do not dispute the exclusion of Mr. Marko's opinions concerning matters predating his involvement with EES Coke. They argue, however, that the magistrate judge erred in excluding his testimony on air permit compliance matters from 2017 onward, as these are matters that directly pertain to his work as a consultant for EES Coke. While he did not prepare an expert report on this issue, Defendants maintain that, as a non-retained expert, he was not required to do so.

A party seeking to present expert testimony at trial must comply with the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2). This rule distinguishes between two types of expert witnesses, each with different disclosure requirements. "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee

regularly involve giving expert testimony," the witness must prepare an expert report. Fed. R. Civ. P. 26(a)(2)(B). All other expert witnesses, including non-retained fact witnesses who can also provide expert testimony, need only disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "The remedy for the failure to file the required expert report or summary disclosure is exclusion of the opinion testimony, unless Plaintiff can establish that the failure was either substantially justified or harmless." *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 148 (E.D. Mich. 2020) (citation omitted).

Here, Mr. Marko prepared a Rule 26(a)(2)(C) disclosure. It states that the subject matter of his anticipated expert testimony is "[t]he Clean Air Act permitting for EES Coke and how the information in support of the permit was appropriate for air permits issued by EGLE." ECF No. 160-1, PageID.5947. This description pertains solely to the permitting process, which occurred before he became a consultant for EES Coke. It does not address subsequent permit compliance, and as such, testimony on this matter falls beyond the scope of the subject matter of his expected testimony.

Defendants attempt to salvage Mr. Marko's testimony by arguing that his summary of facts and opinions "primarily include[s] topics . . . concern[ing] Marko's

direct investigation into air permit compliance—not the preceding permitting process." ECF No. 275, PageID.20175. But Rule 26(a)(2)(C) requires disclosure of both the subject matter of the expert's anticipated testimony *and* a summary of the facts and opinions on which the expert is expected to testify. The summary of facts and opinions cannot broaden or redefine the subject matter of the expert's anticipated testimony, and to allow otherwise would render the subject matter disclosure requirement meaningless. Thus, while Mr. Marko's summary of facts and opinions may contain topics that, in isolation, appear relevant to Mr. Marko's work on EES Coke's permit compliance, Defendants did not identify permit compliance as the subject matter of his testimony. As such, exclusion of this testimony is appropriate. Therefore, the magistrate judge did not err in excluding Mr. Marko's testimony on EES Coke's air permit compliance, and thus this objection is overruled.

ii. Magistrate Judge's Denial of Defendants' Motion to Partially Exclude Dan Leistra-Jones's Expert Testimony

Defendants also raise three objections with respect to the magistrate judge's denial of their motion to partially exclude Mr. Leistra-Jones's expert testimony. First, Defendants claim the magistrate judge erred in failing to exclude Mr. Leistra-Jones's corporate control opinions, arguing that they are premised on his interpretation of contracts and "expert opinions that are based on interpreting contracts" amount to impermissible legal conclusions. ECF No. 275, PageID.20183.

"Rule 702 [of the Federal Rules of Evidence] prohibits expert witnesses from

12

testifying to legal conclusions." *United States v. Melcher*, 672 F. App'x 547, 552 (6th Cir. 2016). "An expert offers a legal conclusion when he defines the governing legal standard or applies the standard to the facts of the case," *Id.* (citing *Torres v. Cnty. of Oakland*, 758 F.2d 147, 150-51 (6th Cir. 1985)), and courts generally exclude "expert testimony for stating a legal conclusion only when the witness testifies, in specialized legal terminology, that a defendant violated (or did not violate) the law." *Babb v. Maryville Anesthesiologists, P.C.*, 942 F.3d 308, 317 (6th Cir. 2019) (cleaned up).

Here, Defendants have not identified any portion of Mr. Leistra-Jones's corporate control opinions that they posit amounts to a legal conclusion. They instead point to a deposition exchange where Mr. Leistra-Jones was asked, "[a]re you interpreting contracts as part of your opinions here today?" and he answered, "[t]o some extent, yes." ECF No. 265-1, PageID.17586. But interpreting contracts in the course of forming an expert opinion, without more, is not the same as offering a legal conclusion regarding those contracts. An expert may review and interpret contracts in the course of gathering facts relevant to their expert testimony. Indeed, the magistrate judge acknowledged that Mr. Leistra-Jones did just that, reviewing the contracts and "many other relevant documents within his purview to *draw out facts within the agreements* and from the parties' actions bearing on the issue of control and operation." ECF No. 259, PageID.17006 (emphasis added). As such, the

magistrate judge did not err in denying Defendants' motion to exclude this testimony, and thus this objection is overruled.

Second, Defendants contend that the magistrate judge erroneously found that Mr. Leistra-Jones's "penalty theory" opinion is not a legal conclusion. According to Defendants, Mr. Leistra-Jones opines that, under the Clean Air Act, the economic benefit of noncompliance is the minimum civil penalty the Court must impose, which Defendants contend is an impermissible legal conclusion. In support of this interpretation of Mr. Leistra-Jones's penalty theory opinion, Defendants point to his deposition, where he stated: "[A]n appropriate penalty should recover at least the defendants' economic benefit of noncompliance. That is, in my opinion, a floor." ECF No. 182-2, PageID.13160-61.

Defendants misconstrue Mr. Leistra-Jones's deposition testimony. While "the economic benefit of noncompliance" is among the factors the Clean Air Act instructs courts to consider when assessing civil penalties, 42 U.S.C. § 7413(e)(1), Mr. Leistra-Jones does not claim that the law mandates this "floor." He instead offers an economic opinion, rooted in his expertise, that an effective penalty should, at minimum, remove any financial gain from noncompliance. Therefore, the magistrate judge did not err in finding that this opinion is not a legal conclusion, and thus this objection is overruled.

Lastly, Defendants claim the magistrate judge erred in finding that the

Government's untimely disclosure of Mr. Leistra-Jones's new substantive opinions was substantially justified under Federal Rule of Civil Procedure 37, arguing that the Government did "not actually raise that argument" and "nowhere in [its] brief is there any argument that the failure to timely disclose an expert opinion meets the 'substantial justification' standard." ECF No. 275, PageID.20180.

This argument is entirely without merit. In their motion to partially exclude Mr. Leistra-Jones's testimony, Defendants argued that exclusion was appropriate under Rule 37 because "[f]ailure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness '*unless the failure was substantially justified or is harmless*.'" ECF No. 176, PageID.12199 (emphasis added). The Government responded by explaining the circumstances surrounding its delayed disclosure. The magistrate judge considered all arguments raised and found that the Government's untimely disclosure was substantially justified.

Defendants also argue that the magistrate judge "failed to account for the fact that Plaintiff was nevertheless capable of making a timely expert disclosure." ECF No. 275, PageID.20181. Even accepting this claim as true, Defendants fail to explain *how* it bears on the magistrate judge's substantial justification finding.

They instead attempt to analogize the present case to *Jackson v. Steele*, No. 11-72-DLB-EBA, 2013 WL 4520938 (E.D. Ky. Aug. 26, 2013). Notwithstanding

the fact that *Jackson* is an unpublished case from a different district, its facts are inapposite to those before the Court. There, the court found that the plaintiff failed to demonstrate that his untimely disclosure of an expert report was substantially justified because he "offered absolutely no justification whatsoever for his failure to timely disclose the expert report." *Id.* at *3. He instead merely explained that "there is no prejudice whatsoever," and the court reasoned that "[t]his cavalier 'no harm, no foul' approach is insufficient to satisfy the substantial justification standard." *Id.* Here, by contrast, the Government offered a detailed explanation of the circumstances surrounding its late disclosure, which the magistrate judge found sufficient to establish substantial justification. As such, Defendants have failed to demonstrate that the magistrate judge erroneously found that Mr. Leistra-Jones's untimely disclosure was substantially justified. Thus, this objection is overruled.

  iii. <u>Magistrate Judge's Denial of Defendants' Motion to Limit Ms. Virginia Galinsky and to Compel Her Deposition, and Motion to Exclude Ms. Galinsky</u>

Next, Defendants raise several objections with respect to the magistrate judge's denial of their motion to limit the expert testimony of Virginia Galinsky and to compel her deposition, as well as their separate motion to exclude her testimony entirely. Ms. Galinsky is an environmental engineer at the Environmental Protection Agency ("EPA") who has been involved in the enforcement action against Defendants since its inception. As explained in greater detail in the magistrate

judge's order, the Government served three disclosures with respect to Ms. Galinsky. *See* ECF No. 278, PageID.20206-07.

First, Defendants claim the magistrate judge erroneously found that Ms. Galinsky was not required to produce an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) on the opinions listed in her second and third disclosures. They contend that the magistrate judge misapplied the principles articulated in *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866 (6th Cir. 2007), in making this determination. There, the Sixth Circuit addressed Rule 26(a)(2)(B) in the context of treating physicians, holding that an expert report "is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Id.* at 871. In contrast, an expert report is required "when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment." *Id.* at 870.

The magistrate judge correctly applied *Fielden*'s principles to the facts of the present case. He found that Ms. Galinsky's opinions "match[] the scope of her employment" and "[t]he work she did to form the opinions in the second and third disclosures appears to be the same kind of work she would do even if this litigation did not exist, except for the addition of addressing Defendants' experts' reports within her opinions. Even there, addressing or rebutting a facility's experts who

17

oppose the enforcement action fits the bill of 'supporting enforcement actions.'" ECF No. 278, PageID.20212-13. He also acknowledged that "[t]he documents Galinsky reviewed while crafting her opinions appear to be the kind of documents EPA environmental engineers typically review in enforcement actions," and that Galinsky's declaration acknowledges that she reviewed thousands of documents "[a]s part of [her] work on the EES Coke enforcement case." *Id.* at PageID.20213. Against this backdrop, the magistrate judge concluded that Ms. Galinsky did not need to prepare an expert report because "[t]he scope of each disclosure does not go beyond the scope of her employment." *Id.* at PageID.20216.

Much like a treating physician who testifies based on what she learned during patient care, Ms. Galinsky's testimony is grounded in the firsthand knowledge she gained while working on the EES Coke enforcement action. While Defendants appear to suggest that the magistrate judge's use of the phrase "scope of employment" pertains to her general work responsibilities and not her actual involvement in this case, they offer no facts demonstrating that she did not perform this work in connection to the EES Coke enforcement action. As such, Defendants have failed to demonstrate that the magistrate judge erroneously found that Ms. Galinsky did not need to produce an expert report on the opinions contained in her second and third disclosures. Thus, this objection is overruled.

Second, Defendants claim the magistrate judge erred by failing to exclude Ms.

18

Galinsky's opinions on matters that occurred prior to February 2017, which is when her work on the EES Coke enforcement action began. Defendants posit that the magistrate judge evaluated this argument under a different standard than the one he used in excluding Mr. Marko's pre-2017 opinions, despite Ms. Galinsky's and Mr. Marko's "nearly identical lack of 'ground-level knowledge' of the permitting process that occurred prior to 2017." ECF No. 284, PageID.20351.

In addition to finding this argument meritless, the magistrate judge rejected this claim because Defendants raised it for the first time at the motion hearing. It is axiomatic that an argument raised for the first time at a hearing is deemed waived. *See Hanover Am. Ins. Co. v. Tattooed Millionaire Entertainment, LLC*, 38 F.4th 501, 209 (6th Cir. 2022). On this basis alone, rejection of this argument was appropriate. As such, this objection is overruled.

Third, Defendants claim that the magistrate judge erred in finding that Ms. Galinsky's second and third disclosures contained rebuttal opinions. Beyond so claiming, however, Defendants do not identify specific errors in the magistrate judge's analysis and instead merely rehash the issue. In so doing, Defendants have failed to demonstrate that the magistrate judge's finding was clearly erroneous or contrary to law, and thus this objection is overruled.

Fourth, Defendants claim the magistrate judge erred by failing to strike Ms. Galinsky's third disclosure. But beyond stating that "[t]he opinions regarding Saini

in the Third Disclosure are distinct from the Second Disclosure" and asserting that Plaintiff failed to meet its burden of demonstrating the admissibility of the opinions contained in the third disclosure, Defendants offer no law demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. As such, this objection is overruled.

Fifth, Defendants claim the magistrate judge erred in denying their request to compel Ms. Galinsky's expert deposition. They argue the magistrate judge made a mistake of fact by assuming that Defendants deposed Galinsky regarding her second disclosure. However, nothing in the magistrate judge's opinion suggests that he made this assumption.

Defendants also argue that this decision is contrary to Federal Rule of Civil Procedure 26(b)(4)(A), which provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." But again, beyond so claiming, they do not explain *how* the magistrate judge's denial of their motion to compel contravenes this rule. As such, this objection is overruled.

Lastly, Defendants claim the magistrate judge erred in finding that Ms. Galinsky is sufficiently qualified to testify as an expert regarding BACT and LAER requirements. "Despite her lack of experience," Defendants argue, "the Magistrate Judge concluded that Galinsky was sufficiently qualified to testify as an expert regarding the requirements of BACT and LAER for the facility based on her general

experience 'as an environmental engineer who focuses on air quality enforcement cases.'" ECF No. 284, PageID.20356.

The magistrate judge expressly considered this argument, finding the fact "that Galinsky did not personally conduct the BACT or LAER analyses for this case does not mean that BACT and LAER play no role in her usual job responsibilities." ECF No. 278, PageID.20227. He acknowledged that Ms. Galinsky's "job requires that she achieve emissions reductions at sites that are at least equivalent to BACT and/or LAER, so it is in the normal course for her to determine what BACT or LAER would likely be." *Id*. at PageID.20226. The magistrate judge also recognized that Ms. Galinsky "has conducted around 50 New Source Review compliance investigations and has evaluated BACT and/or LAER for 'at least' 14 facilities in her 15-year career." *Id.* Defendants do not explain how these credentials render her unqualified to offer testimony regarding EES Coke's BACT and LAER requirements.[2] As such, they have failed to demonstrate that the magistrate judge's

---

[2] Defendants suggest that the magistrate judge applied an inconsistent standard in declining to exclude Ms. Galinsky's testimony. Specifically, they claim "the Magistrate Judge's conclusion that Galinsky is sufficiently qualified to perform BACT and LAER analyses based on her general exposure to such analyses performed by others contradicts his conclusion later in the Order that Defendants' expert Leahy was not sufficiently qualified to offer opinions related to CAMx modeling based on his general exposure to the program through his colleagues." ECF No. 284, PageID.20356-57. Even assuming, *arguendo*, that this position is true, Defendants do not explain *how* this renders the magistrate judge's decision clearly erroneous or contrary to law.

decision was clearly erroneous or contrary to law. This objection is thus overruled.

    iv.  <u>Magistrate Judge's Exclusion of Untimely Arguments Relating to Mr. Chinkin's and Dr. Schwartz's Reliance on Stricken Testimony</u>

Defendants claim the magistrate judge erroneously granted Plaintiff's motion to strike certain arguments raised by Defendants for the first time in their replies to their motions to exclude Mr. Lyle Chinkin's and Dr. Schwartz's expert testimony. The arguments in question concerned Mr. Chinkin's and Dr. Schwartz's reliance on Dr. Ranajit Sahu's expert opinion that EES Coke's emissions would have been reduced by 95% if pollution controls had been implemented, which Defendants posit appears in Section VIII of his expert report.

Defendants do not contest that they raised these arguments for the first time in their reply briefing. Instead, they argue that they could not have asserted these arguments any sooner because, at the time they filed their motions, the Court had not yet excluded Section VIII of Dr. Sahu's expert report.

This argument, which was rejected by the magistrate judge, is unavailing. Dr. Sahu's 95%-reduction opinion unambiguously appears in Sections XI and XII of his expert report, which were excluded by the Court in December 2024. As such, Defendants' arguments concerning Mr. Chinkin's and Dr. Schwartz's reliance on excluded expert testimony were available to them well before they filed their motions to exclude. Generally, arguments made for the first time in a reply brief are

waived. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). As such, the magistrate judge did not err in striking Defendants' arguments, as they could have been timely raised.

Defendants also argue that, rather than exclude their arguments, the magistrate judge should have allowed the Government to file a sur-reply or allowed Defendants to file supplemental briefing on this issue. Given, however, that the arguments could have been timely raised, the magistrate judge had the discretion to deny such requests. As such, Defendants have not demonstrated that the magistrate judge's decision was clearly erroneous or contrary to law. Thus, this objection is overruled.

v. <u>Magistrate Judge's Exclusion of Brian Leahy's CAMx Opinions</u>

Finally, Defendants object to the magistrate judge's exclusion of defense expert Brian Leahy's CAMx opinions, arguing that the magistrate judge erred in finding that they are not his own and instead are the opinions of his colleagues.

Generally, "[u]sing staff to complete tasks and gather data relevant to the expert analysis is appropriate." *Bledsoe v. FCA US LLC*, 4:16-CV-14024-TGB-RSW, 2022 WL 4596156, at *16 (E.D. Mich. Sept. 30, 2022) (citing *Chavez v. Carranza*, 559 F.3d 486, 497 (6th Cir. 2009)). Even so, however, experts are "not permitted to premise their opinion 'entirely' on [others] without undertaking any of the necessary steps to form their own opinion." *See In re Flint Water Cases*, No. 16-10444, 2023 WL 6147255, at *3 (E.D. Mich. Sept. 20, 2023). Indeed, an expert's

23

"wholesale adoption" of another's opinions, without separately evaluating the bases for those opinions, "goes beyond relying on facts or data and instead cloaks unexamined assumptions in the authority of expert analysis." *Ask Chemicals, LP v. Computer Packages, Inc.*, 593 F. App'x 506, 510 (6th Cir. 2014).

Here, Mr. Leahy's expert report is premised on CAMx data analyses performed by his colleagues. Defendants offer no evidence demonstrating that Mr. Leahy independently evaluated those analyses in forming his CAMx opinions. As such, his wholesale adoption of his colleagues' analyses merely parrots the findings of others. This is problematic because his colleagues are not subject to *Daubert* scrutiny, and thus their findings are cloaked under the authority of expert analysis. Compounding the issue, other individuals assisted Mr. Leahy in drafting the CAMx section of his expert report, and at his deposition he was unable to distinguish the portions he wrote himself versus those written by his colleagues. ECF No. 161-2, PageID.5991. As such, the magistrate judge's finding that Mr. Leahy's CAMx opinions are not his own was not clearly erroneous or contrary to law, and thus this objection is overruled.

Defendants also challenge the magistrate judge's concern about Mr. Leahy's qualifications to opine on CAMx. Given, however, that the Court has already determined that exclusion of Mr. Leahy's CAMx opinions is warranted because they

24

are not his own opinions, the Court need not evaluate this objection. As such, it is overruled.

## IV.   **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

- Defendants' objections to the magistrate judge's Order on Motions to Exclude [#275] are OVERRULED;

- Sierra Club's objections to the magistrate judge's Omnibus Opinion and Order on ECF Nos. 145, 156, 158 , 161 , 164 , 165 , 166 , 221 , 221 and 269 [#281] are OVERRULED;

- The Government's objections to the magistrate judge's Omnibus Opinion and Order on ECF Nos. 145, 156, 158 , 161 , 164 , 165 , 166 , 221 , 221 and 269 [#282] are OVERRULED; and

- Defendants' objections to the magistrate judge's Omnibus Opinion and Order on ECF Nos. 145, 156, 158 , 161 , 164 , 165 , 166 , 221 , 221 and 269 [#284] are OVERRULED.

SO ORDERED.

Dated: July 17, 2025                             /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July
17, 2025, by electronic and/or ordinary mail.

<u>/s/ Marlena Williams</u>
Case Manager