UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                Case No. 22-11191

v.                           U.S. DISTRICT COURT JUDGE

                                 GERSHWIN A. DRAIN

EES COKE BATTERY, LLC, *et al.*,

          Defendants.

_____/

## OPINION AND ORDER ON THE PARTIES' MOTIONS IN LIMINE [#305, #307, #308, #309, #310, #311, #312, #313, #314, #315]

## I.    INTRODUCTION

Presently before the Court are the parties' motions in limine.[1] Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these motions, and thus they will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow,

- The Government's Motion in Limine No. 1 to Limit Defendants' Excessive Witness List and Exclude Testimony of an Improperly Undisclosed Witness [#308] is DENIED;

_____

[1] The factual and procedural background of this case is recited in the Court's opinion and order on the parties' motions for summary judgment. ECF No. 331. The Court incorporates it here by reference.

- The Government's Motion in Limine No. 2 to Exclude Irrelevant Evidence and Argument Regarding Emissions Units at Other Facilities [#312] is DENIED AS MOOT;

- The Government's Motion in Limine No. 3 to Exclude Irrelevant Evidence and Argument Regarding Collateral Attack and Permit Compliance [#313] is DENIED AS MOOT;

- The Government's Motion in Limine No. 4 to Exclude Irrelevant Evidence on Clean Air Act Provisions Not at Issue in This Case, Individual Harm, and Michigan EGLE $SO_2$ Document [#309] is DENIED;

- Defendants' Motion in Limine No. 1 to Preclude Plaintiff from Challenging the Determination of the Stationary Source [#310] is DENIED AS MOOT;

- Defendants' Motion in Limine No. 2 to Exclude Testimony by and Argument About Sierra Club Members [#314] is GRANTED IN PART and DENIED IN PART;

- Defendants' Motion in Limine No. 3 to Exclude Irrelevant and Prejudicial "Pollution Allegations" [#305] is DENIED;

- Defendants' Motion in Limine No. 4 Regarding Virginia Galinsky's Rebuttal Opinions [#311] is DENIED;

- Defendants' Motion in Limine No. 5 to Bar Irrelevant Evidence and Argument Contrary to Law [#315] is DENIED AS MOOT; and

- Defendants' Motion in Limine No. 6 to Bar Plaintiff from Submitting as Evidence 30(b)(6) Deposition Testimony of Available Witnesses [#307] is GRANTED.

## II.   LEGAL STANDARD

### A. Motions in Limine

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."

2

*Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of this motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "In disposing of a motion *in limine*, the guiding principle is to 'ensure evenhanded and expeditious management of trials.' " *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021) (citation omitted). Whether to grant a motion in limine "falls within the sound discretion of the trial court." *Id.*

"A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Id.* When a court is unable to make that determination, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.* Furthermore, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

### B. Federal Rules of Evidence

Federal Rule of Evidence 104(a) requires a court to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Evidence must be relevant in order to be admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to

make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.   ANALYSIS

#### A. The Government's Motions in Limine

##### 1.   The Government's Motion in Limine No. 1 [#308]

The Government seeks an order limiting Defendants' witness list, which presently consists of twelve "will call" witnesses and sixteen "may call" witnesses, to twelve total witnesses. Pursuant to Federal Rule of Evidence 403, it argues Defendants' current witness list will unfairly prejudice its trial preparation, confuse the issues, waste the court's time, and needlessly present cumulative evidence. In the alternative, the Government asserts that Defendants should be required to revise their witness list to include a brief description of each witness's potential testimony so that it may evaluate whether they have unique testimony to offer.

The Government's claim of unfair prejudice is misplaced. For purposes of Rule 403, unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v.*

*United States*, 519 U.S. 172, 180 (1997) (quoting Rule 403 advisory committee's note to 1972 proposed rule). Put differently, it refers to the risk that certain evidence may improperly influence the outcome of the case, and exclusion of such evidence is appropriate if its probative value is substantially outweighed by that risk. It does not apply to the burdens a party may face in preparing for trial.

Indeed, given the complexity of this case, the Court does not find the number of witnesses identified by Defendants to be unreasonable. Although the potential for cumulative or irrelevant testimony exists, the Court cannot make a definitive determination on this issue until the trial is underway and the Court has an opportunity to assess testimony. Accordingly, the Court will deny this aspect of the Government's motion in limine without prejudice. The Government may renew this objection at trial if it appears that Defendants' witnesses are offering cumulative testimony.

The Government also seeks exclusion of defense witness Shawn Patterson's testimony because Defendants did not identify him in their Rule 26 disclosures. Under Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request, provide to the other parties[] the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

5

Fed. R. Civ. P. 26(a)(1)(A)(i). It also imposes on the party a duty to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A party's failure to do so bars it from using "that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, while Defendants did not list Mr. Patterson in their Rule 26 disclosures, the Government learned that he possessed discoverable information relevant to Defendants' case when Defendants designated him as a Rule 30(b)(6) corporate representative. In this way, the Government had "otherwise been made known" of Mr. Patterson, and thus Defendants were not required to supplement their Rule 26 disclosures to list him as possessing discoverable information. As such, exclusion of Mr. Patterson is unwarranted under Rule 26, and this aspect of the motion in limine is denied.

## 2. The Government's Motions in Limine No. 2 [#312] and No. 3 [#313]

The Government's second motion in limine seeks exclusion of evidence and argument regarding emissions from U.S. Steel, and its third motion in limine seeks exclusion of evidence and argument suggesting that this case presents a collateral

attack on a validly issued permit and that EES Coke has complied with the permit. These motions, however, were filed before the Court granted the Government's motion for partial summary judgment, finding EES Coke liable for the alleged Clean Air Act violations. In its briefing on these motions in limine, the Government states that "these motions are mooted by the Court's summary judgment decision because each goes to issues of the validity of the United States' claims that have already been decided at summary judgment." ECF No. 350, PageID.25202-03. Accordingly, the Government's second and third motions in limine are denied as moot.

### 3.  The Government's Motion in Limine No. 4 [#309]

The Government seeks exclusion of evidence and arguments on three issues: (1) "That the Clean Air Act National Ambient Air Quality Standards ('NAAQS') and the EPA Significant Impact Levels ('SILs') set a threshold level below which there is no harm"; (2) "That the United States must demonstrate the emissions proximately caused harm to individuals"; and (3) "That the EGLE May 2024 Document, 'SO$_2$ Emissions from Large Sources in Michigan,' is relevant to the EES Coke Facility." ECF No. 309, PageID.22293. The Court will address each issue in turn.

#### i.  NAAQS and SILs

First, the Government seeks exclusion of evidence and argument demonstrating that NAAQS and the SILs set a threshold limit below which there is

7

no harm, claiming such evidence is irrelevant. The only specific evidence identified by the Government are portions of defense experts Dr. Kathryn Kelly's and Brian Leahy's testimony. Because the Court generally disfavors exclusion of broad categories of evidence through motions in limine, it will address this objection solely as it pertains to the cited portions of their testimony.

As an initial matter, issues pertaining to the relevance of Dr. Kelly's and Mr. Leahy's expert testimony should have been raised in a *Daubert* motion. The relevance of an expert's testimony is part and parcel of the *Daubert* analysis. *See In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-29 (6th Cir. 2008). Recognizing the significant effect that *Daubert* challenges can have on a party's ability to present its case at trial, the Court set the *Daubert* motion deadline well in advance of trial, and that deadline has long since passed. Permitting the Government to repackage a previously available *Daubert* challenge in a motion in limine on the eve of trial would subvert the Court's scheduling order, which may only be modified upon a showing of good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b), 16(b)(4). More importantly, it would unfairly prejudice Defendants, who were entitled to rely upon the Court's previous order finding that Dr. Kelly's and Mr. Leahy's anticipated testimony withstood *Daubert* scrutiny. On this basis alone, denial of the Government's relevancy objection is appropriate.

Even setting aside the untimeliness of this challenge, the cited portions of Dr. Kelly's and Mr. Leahy's testimony concerning NAAQS and SILs are relevant to determining the penalty for EES Coke's Clean Air Act violations. By way of brief background, NAAQS "establish maximum permissible concentrations of [certain] pollutants in the outside or 'ambient' air." *Kentucky Res. Council, Inc. v. EPA*, 467 F.3d 986, 987 (6th Cir. 2006) (citing 42 U.S.C. §§ 7408, 7409). They set the "regional limit for [those pollutants] from all sources within that region" and are "not the standard against which a single source is measured." *United States v. Cinergy Corp.*, 618 F. Supp. 2d 942, 964 (S.D. Ind. 2009), *rev'd on other grounds*, *United States v. Cinergy Corp.*, 623 F.3d 455 (7th Cir. 2010). SILs, on the other hand, "are numerical values 'below which the EPA considers a source to have an insignificant effect on ambient air quality.'" *Sierra Club v. Louisiana Dep't of Environmental Quality*, 100 F.4th 555, 565 (5th Cir. 2024) (quoting *Sierra Club v. EPA*, 705 F.3d 458, 461 (D.C. Cir. 2013)). They are used as "a screening tool for determining when a new major source or major modification that wishes to locate in an attainment or unclassifiable area must conduct a more extensive air quality analysis to demonstrate that it will not cause or contribute to a violation of the NAAQS or PSD increment[.]" 75 Fed. Reg. at 64,895.

With respect to NAAQS, none of the cited portions of Dr. Kelly's and Mr. Leahy's testimony convey that NAAQS set a threshold level below which there is

no harm. As for the SILs, Dr. Kelly posits that no adverse health effects nor economic impacts would be expected from emissions falling below the SILs. Such testimony is relevant to determining the appropriate penalty in this case, as fashioning the penalty requires consideration of "the seriousness of the violation." 42 U.S.C. § 7413(e)(1). In assessing the seriousness of the violation, courts consider "the significance of the violation" and "the actual or potential harm to human health and the environment." *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1258 (10th Cir. 2021) (citation omitted). Given that the SILs represent emissions thresholds that the EPA deems to have an insignificant effect on ambient air quality, Dr. Kelly's testimony is relevant to assessing the significance of EES Coke's violation and the potential harm to human health and the environment resulting from EES Coke's emissions. Therefore, this aspect of the Government's motion in limine is denied.

ii.   <u>Proximate Cause</u>

Second, the Government seeks exclusion of evidence and argument demonstrating that it "must demonstrate [that] the emissions proximately caused harm to individuals." ECF No. 309, PageID.22293. Here too, the only specific evidence identified by the Government is a portion of Dr. Kelly's expert report, where she states that "[t]o determine whether any substance, including $SO_2$ or $PM_{2.5}$, is harmful, it is essential to know how much an individual is exposed to, how often,

and for how long." ECF No. 165-5, PageID.7363. The Government argues that "proximate cause of harm to individuals is irrelevant here because as a public health statute, the Clean Air Act 'curbs harm borne by a population, not a single person.' " ECF No. 309, PageID.22297 (quoting *United States v. Ameren Missouri*, 421 F. Supp. 3d 729, 818 (E.D. Mo. 2019)).

Here too, the relevance of Dr. Kelly's expert testimony is an untimely *Daubert* issue. Notwithstanding, the cited portion of Dr. Kelly's testimony is relevant to assessing the seriousness of the harm caused by EES Coke's excess emissions, as it bears directly on the actual or potential harm caused by the emissions to human health and the environment. The Government's argumentation on this issue goes to the weight that Dr. Kelly's testimony should be given, rather than its admissibility. As such, this aspect of the present motion in limine is denied.

### iii.   EGLE Document

Lastly, the Government seeks exclusion of the EGLE Document on relevance grounds. In its response to the present motion in limine, Defendants stated that they "agree to exclude this document from [their] Exhibit List." ECF No. 335, PageID.24743. As such, this aspect of the motion in limine is denied as moot.

In sum, this motion in limine is denied in its entirety.

### B. Defendants' Motions in Limine

#### 1.   Defendants' Motion in Limine No. 1 [#310]

Defendants seek exclusion of evidence and argument challenging EGLE's determination that the "stationary source" at issue includes not only EES Coke's facilities, but also those of neighboring U.S. Steel. It claims that EGLE determined decades ago that the stationary source includes both EES Coke and U.S. Steel, and that this determination is legally binding in the present action. Defendants also argue that the Government should be barred from introducing EES Coke's responses to the Government's Requests for Admission 3 and 4 as evidence that the stationary source includes only EES Coke's facilities.

Here too, this motion in limine was filed before the Court issued its opinion and order on the parties' motions for summary judgment. Therein, the Court found that "it is unclear whether EGLE has conclusively determined that EES Coke and U.S. Steel are a single major stationary source for purposes of New Source Review." ECF No. 331, PageID.24339. Furthermore, Defendants' motion in limine acknowledges that this issue was part of the parties' cross-motions for summary judgment, and that if EES Coke's liability is resolved at summary judgment, this motion is moot. *See* ECF No. 310, PageID.22374. Because the Court found EES Coke liable at summary judgment, denial of this motion as moot is appropriate.

### 2.  Defendants' Motion in Limine No. 2 [#314]

Defendants seek exclusion of "any testimony by the Sierra Club members" and "any evidence or argument about the Sierra Club members' medical conditions

or their purported causes." ECF No. 314, PageID.23336. Defendants identify four purported Sierra Club members—Theresa Landrum, Vicki Dobbins, Dolores Leonard, and Elayne Coleman—who prepared declarations in support of Sierra Club's motion for summary judgment that discuss, among other things, their various medical diagnoses and their purported underlying causes. Defendants argue that their testimony concerning such diagnoses and their causes would amount to improper lay testimony under Federal Rule of Evidence 701, is irrelevant under Federal Rules of Evidence 401 and 403, any probative value is outweighed by unfair prejudice and confusion of the issues under Rule 403 and would amount to inadmissible hearsay.

As an initial matter, the only specific evidence identified by Defendants as objectionable on these grounds are the declarations. Given that the Court generally disfavors excluding broad categories of evidence through motions in limine, it will address Defendants' objections solely as they pertain to the cited portions of the declarations. As such, the motion in limine is denied as it pertains to the broad exclusion of "any testimony by the Sierra Club members."

Under Federal Rule of Evidence 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is," among other things, "not based on scientific, technical, or other specialized knowledge" that would otherwise fall within the scope of expert testimony. Fed. R. Evid. 701. When

it comes to medical conditions, "[l]ay witnesses may testify to their personal observations of injuries or symptoms that are within the common realm of knowledge." *Fakhoury v. O'Reilly*, No. 16-13323, 2022 WL 909347, at *10 (E.D. Mich. Mar. 28, 2022). Even so, "[i]n cases were there is no single, concrete incident from which [the plaintiff] can trace their alleged injuries, but rather multiple causes of [the] injuries, including events that took place both well before and after" the acts giving rise to liability, "expert testimony as to causation is required." *Id.* (cleaned up). In this way, opinions concerning the cause of an individual's medical condition "are not 'lay facts' and would necessarily require [a] treating physician to use his or her 'scientific, technical, or other specialized knowledge' to form such an opinion." *Gleed v. AT&T Services, Inc.*, No. 13-12479, 2016 WL 1451532, at *4 (E.D. Mich. Apr. 12, 2016) (citing *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010)).

Here, Sierra Club has not identified the declarants' treating physicians as witnesses in this case. As such, because there may be other causes of their health conditions, their testimony regarding the causes of such conditions would amount to improper lay testimony. Furthermore, while testimony concerning their own observations about their conditions does not amount to improper lay testimony, such testimony is irrelevant to the present case without expert testimony connecting their medical conditions to EES Coke's conduct. As such, Ms. Landrum, Ms. Dobbins,

Ms. Leonard, and Ms. Coleman may not testify about their medical conditions and their underlying causes.

In sum, this motion in limine is granted in part and denied in part.

### 3.  Defendants' Motion in Limine No. 3 [#305]

Defendants seek an order barring Plaintiffs from "referring to EES Coke's purported 'pollution,' its alleged status as a major source of $SO_2$ pollution, and the general air quality of Wayne County at trial." ECF No. 305, PageID.22137. Defendants argue that such evidence is irrelevant and will unfairly prejudice them.

Beginning first with the Government's potential characterization of EES Coke's emissions as "pollution," Defendants do not appear to dispute that evidence of EES Coke's $SO_2$ emissions is relevant. Instead, Defendants object to the terminology used to refer to such emissions, claiming that the Government's use of the term "pollution" is "designed to mislead the Court and to add an emotional framing to what is fundamentally a technical determination," which will unfairly prejudice Defendants. *Id.* at PageID.22146. The Court disagrees. For one, this matter is set for a bench trial, not a jury trial. "In bench trials, the application of the unfair prejudice portion of Rule 403 has been seen as an unnecessary and 'useless procedure'" because the judge has to see the supposedly prejudicial evidence in order to rule on the issue. *United States v. Hall*, 202 F.3d 270 (6th Cir. 2000) (citation omitted).

Even considering any prejudice this terminology may have on Defendants, it does not rise to the level of being *unfairly* prejudicial. For one, the terms "air pollution" and "air pollutants" appear throughout the text of the Clean Air Act, including the provisions at issue in this case. For instance, the Act states that the purpose of the PSD program is "to protect public health and welfare from any actual or potential adverse effect . . . to occur from *air pollution* or from exposures to *pollutants*." 42 U.S.C. § 7470(1) (emphasis added). Furthermore, $SO_2$ and $PM_{2.5}$ are characterized as air pollutants under the law. Lastly, even accepting Defendants' claim that the term "pollution" connotes excessive emissions that exceed "the bounds of law," *See* ECF No. 305, PageID.22151, the Court has already found that EES Coke has emitted $SO_2$ emissions in excess of the significance threshold set by the law. As such, the Court finds that any potential prejudice caused by reference of EES Coke's emissions as "pollution" is de minimis, and because this is a bench trial, the Court is competent to prevent such use of the term from improperly influencing its judgment.

In a similar vein, the Court also finds that evidence of Defendants' status as a major source of $SO_2$ pollution and the general air quality of Wayne County is also relevant to assessing the seriousness of the Clean Air Act violations, as it bears on the significance of the violation. Furthermore, any potential prejudice arising from the introduction of such evidence at trial is de minimis. While the evidence may

certainly be prejudicial to Defendants, it is not *unfairly* prejudicial. And even if it rose to the level of unfairly prejudicial, it does not substantially outweigh the probative value of the evidence. As such, this motion in limine is denied.

### 4.   Defendants' Motion in Limine No. 4 [#311]

Defendants seek to exclude Virginia Galinsky "from opining regarding appropriate control technologies for BACT and appropriate emission limitations for LAER unless and until Plaintiff produces competent evidence concerning the validity and appropriateness of the emission controls and limits on which Galinsky is opining and the specific bases of her opinions thereon." ECF No. 311, PageID.22848. Defendants attack the reliability of Ms. Galinsky's expert testimony by arguing that her opinions on this topic "are not supported by any competent evidence," and that she does not cite any record evidence in support of her opinions. *Id.* at PageID.22856. They further challenge the relevance and reliability of Ms. Galinsky's anticipated testimony by arguing that Ms. Galinsky's "opinions on BACT and LAER are non-specific and incomplete." *Id.* For instance, with respect to BACT, Defendants assert that Ms. Galinsky "[f]ails to identify what 'desulfurization' means or would require under BACT," and that her "non-specific reference to the process of desulfurization cannot form the basis for a cognizable or helpful opinion on BACT." *Id.* at PageID.22856-57. As for LAER, Defendants argue that Ms. Galinsky "essentially ignores the class or category element of the LAER

determination and does not demonstrate how or why any of the emissions limitations she identifies could appropriately apply to EES Coke's facility," rendering her LAER opinions "incomplete and inapplicable." *Id.* at PageID.22858-59.

Here too, this motion is essentially an untimely *Daubert* motion, rather than a motion in limine. Issues concerning the factual basis upon which an expert relies upon in forming her expert testimony are central to the *Daubert* analysis. Fed. R. Evid. 702 (providing that a witness may testify as an expert if the proponent demonstrates to the court that it is more likely than not that," among other things, "the testimony is based on *sufficient facts* or data"); *In re Scap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). So too are issues concerning the relevance and reliability of that testimony. *In re Scap Metal Antitrust Litig.*, 527 F.3d at 528. Given that the *Daubert* motion deadline has long since passed, denial of this motion is appropriate.

In addition to being untimely, Defendants raised similar arguments in their timely *Daubert* motion to exclude Ms. Galinsky's testimony. There, Defendants challenged the factual bases upon which she bases her opinions, asserting that her "opinions on BACT and LAER are unreliable because [Ms. Galinsky] fails to sufficiently explain her methodology, the facts she considered, the assumptions she made, and how these led to her conclusions." ECF No. 156, PageID.5419. They also argued that Ms. Galinsky "has not even identified all of the information she has

considered" and that "she asserts conclusory opinions that are based on her own assumptions, rather than a direct and clear analysis of the facts." *Id.* The Court rejected these arguments, concluding that Ms. Galinsky was qualified to provide expert testimony. ECF No. 278, PageID.20228. The Court also found that, as a non-retained expert witness, she was not required to proffer "a complete statement of [her] opinions and the bases for them, any exhibits that would be used, and the facts or data considered." *Id.* Instead, she was only required to disclose the subject matter on which she will present evidence and "a summary of the facts of opinions to which [she] is expected to testify." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)).

Accordingly, this motion in limine is denied.

### 5. Defendants' Motion in Limine No. 5 [#315]

Defendants seek an order "prohibiting Plaintiff from using terms and concepts at trial in a manner that is contrary to their legal and technical meaning." ECF No. 315, PageID.23426. Upon review of the motion, however, all of the evidence and argumentation Defendants seek exclusion of pertain solely to determining whether the 2014 Permit's removal of the underfire COG combustion limit was a "major modification." The Court has already found that it was a "major modification." It does not appear that this evidence and arguments are relevant to the appropriate relief for EES Coke's violation of NSR, nor does it appear relevant to the DTE Defendants' liability. As such, this motion in limine is denied as moot.

19

6.  <u>Defendants' Motion in Limine No. 6 [#307]</u>

Defendants seek to exclude the deposition testimony of six Rule 30(b)(6) deponents who are available to testify live at trial—namely, Eric Marko, Chris Occhipinti, James Howard, Michael Shafer, Ronald Burnette, and Shawn Patterson.

Federal Rule of Civil Procedure 30(b)(6) governs the deposition of a corporate designee, providing, in pertinent part:

> [A] party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). Rule 32(a)(3), in turn, states that "[a]n adverse party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)[.]" Fed. R. Civ. P. 32(a)(3) (emphasis added).

Notwithstanding the broad language used in Rule 32(a)(3), this Court has recognized that this rule does not confer an absolute right to introduce Rule 30(b)(6) deposition testimony at trial when the witness is available to testify live. *Gonzalez Production Sys., Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015). Instead, the rule merely presents an option by which such testimony may be introduced at trial under appropriate circumstances. *Id.* This is because Rule 32(a)(3) provides that 30(b)(6)

deposition testimony "*may*" be used "for any purpose," and "nothing in the [rule] indicates that they may be used *at any time* or *in any manner* as a party sees fit." *Id.* (emphasis in original). "To permit such a course would undermine the general 'preference for live testimony' and the 'importance of cross examination,' " as well as "undermine this Court's ability to efficiently run [a] trial." *Id.* (quoting *White v. Illinois*, 502 U.S. 346, 356 (1992).

The Government is concerned that excluding the Rule 30(b)(6) designees' deposition testimony may create an evidentiary gap between what they testified to in their depositions and what they may testify to at trial. This concern stems from the personal knowledge requirement set forth in Federal Rule of Evidence 602, which provides that "[a] witness may testify to a matter only if . . . the witness has personal knowledge of the matter." Fed. R. Evid. 602. According to the Government, "while Rule 30(b)(6) allows deposition testimony to be based on matters outside the designee's personal knowledge, the designee's *trial* testimony is still generally limited to matters that are within their personal knowledge." ECF No. 323, PageID.24079. The Government appears to suggest that because the Rule 30(b)(6) designees prepared to testify on matters that were outside their personal knowledge by speaking to others and reviewing documents, this preparation places their trial testimony on such matters outside of the scope of their personal knowledge, rendering it inadmissible.

While, of course, a witness may only testify on matters that fall within their personal knowledge, the Sixth Circuit had recognized that the personal knowledge requirement "works differently" when "a human being . . . speaks for a corporation." *Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 205 (6th Cir. 2016). This is because it is not possible "to take a deposition of a corporation or for that matter obtain an affidavit from one . . . as inanimate objects are not known for their facility with language." *Id.* A consequence of this reality is that "whenever a corporation is involved in litigation, the information sought must be obtained from natural persons who can speak for the corporation." *Id.* (cleaned up). This means "there is no obligation to select a person with personal knowledge of the events in question, so long as the corporation proffers a person who can answer regarding information known or reasonably available to the organization." *Id.* (cleaned up). Against this backdrop, the fact that a Rule 30(b)(6) designee reviewed documents or spoke to colleagues with pertinent knowledge on corporate matters falling outside of the designee's direct involvement in the case does not defeat their personal knowledge on the subject. Instead, such matters fall *within* the scope of their personal knowledge.

The Court is unaware of any authority indicating that Rule 602's personal knowledge requirement applies differently to a Rule 30(b)(6) designee's testimony depending on whether it is offered at a deposition or at trial. Indeed, the case cited

by the Government in support of this claim—*Antero Resources Corp. v. C & R Downhole Drilling, Inc.*, No. 4:15-CV-00668-Y, 2019 WL 13193894 (N.D. Tex. June 20, 2019)—does not support such a distinction. There, the court stated that "[w]hile Rule 30(b)(6) permits deposition testimony to be based upon matters outside personal knowledge, Fed. R. Evid. 602 limits trial testimony to matters that are within personal knowledge." *Id.* at *2. This means that "testimony regarding subject matter[s] as to which [the] corporate representatives outrightly disavowed personal knowledge, deferred responses to other corporate representatives or experts, or did not provide an answer based upon counsel's directive should be excluded at trial" due to a lack of personal knowledge. *Id.* In such circumstances, "the failure to respond indicates that the subject matter was not a part of the corporation's collective knowledge or remained outside of the representative's personal knowledge, thereby creating a hearsay issue." *Id.* The court also recognized that exclusion of such testimony was appropriate to prevent the corporation from "disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject." *Id.* (citation omitted). That case, however, does not stand for the proposition that a Rule 30(b)(6) designee's trial testimony is limited to matters within the specific designee's firsthand personal knowledge.

Against this backdrop, this motion in limine is granted. Eric Marko, Chris Occhipinti, James Howard, Michael Shafer, Ronald Burnette, and Shawn Patterson

must testify in person, and their personal knowledge encompasses corporate matters that fell within the scope of their personal knowledge for purposes of their Rule 30(b)(6) depositions.

## IV.   <u>CONCLUSION</u>

Based on the foregoing,

- The Government's Motion in Limine No. 1 to Limit Defendants' Excessive Witness List and Exclude Testimony of an Improperly Undisclosed Witness [#308] is DENIED;

- The Government's Motion in Limine No. 2 to Exclude Irrelevant Evidence and Argument Regarding Emissions Units at Other Facilities [#312] is DENIED AS MOOT;

- The Government's Motion in Limine No. 3 to Exclude Irrelevant Evidence and Argument Regarding Collateral Attack and Permit Compliance [#313] is DENIED AS MOOT;

- The Government's Motion in Limine No. 4 to Exclude Irrelevant Evidence on Clean Air Act Provisions Not at Issue in This Case, Individual Harm, and Michigan EGLE SO$_2$ Document [#309] is DENIED;

- Defendants' Motion in Limine No. 1 to Preclude Plaintiff from Challenging the Determination of the Stationary Source [#310] is DENIED AS MOOT;

- Defendants' Motion in Limine No. 2 to Exclude Testimony by and Argument About Sierra Club Members [#314] is GRANTED IN PART and DENIED IN PART;

- Defendants' Motion in Limine No. 3 to Exclude Irrelevant and Prejudicial "Pollution Allegations" [#305] is DENIED;

- Defendants' Motion in Limine No. 4 Regarding Virginia Galinsky's Rebuttal Opinions [#311] is DENIED;

- Defendants' Motion in Limine No. 5 to Bar Irrelevant Evidence and Argument Contrary to Law [#315] is DENIED AS MOOT; and

- Defendants' Motion in Limine No. 6 to Bar Plaintiff from Submitting as Evidence 30(b)(6) Deposition Testimony of Available Witnesses [#307] is GRANTED.

SO ORDERED.

Dated: September 11, 2025                     /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 11, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager