UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 22-11191
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

EES COKE BATTERY, LLC, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR AMENDMENT AND CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL [#352] AND DENYING AS MOOT DEFENDANTS' MOTION FOR STAY PENDING INTERLOCUTORY APPEAL [#353]**

## I.    INTRODUCTION

Presently before the Court is Defendants' Motion for Amendment and Certification of Order for Interlocutory Appeal [#352] and Motion for Stay Pending Interlocutory Appeal [#353]. Pursuant to 28 U.S.C. § 1292(b), Defendants seek to immediately appeal this Court's August 25, 2025 order on the parties' summary judgment motions, where the Court found Defendant EES Coke Battery, LLC ("EES Coke") liable for violations of the Clean Air Act's New Source Review ("NSR") program. In the event the Court certifies the order for interlocutory appeal,

Defendants seek to stay proceedings pending the Sixth Circuit's resolution of the appeal. Upon review of the parties' briefing, the Court concludes that a hearing will not aid in the disposition of these motions. As such, they will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, Defendants' Motion for Amendment and Certification of Order for Interlocutory Appeal [#352] is DENIED, and Defendants' Motion for Stay Pending Interlocutory Appeal [#353] is DENIED AS MOOT.

## II.   BACKGROUND

The factual and procedural background of this case is recited in the Court's order on the parties' motions for summary judgment. ECF No. 331. The Court incorporates it here by reference.

On August 25, 2025, the Court issued an order that, among other things, granted the Government's motion for partial summary judgment and denied EES Coke's motion for summary judgment. In so doing, the Court found EES Coke liable for violating the Clean Air Act by (1) undertaking a "major modification" without first obtaining a NSR permit, and (2) failing to comply with NSR's reasonable possibility reporting requirements.

Following the Court's issuance of that order, Defendants filed the motion for interlocutory appeal that is presently before the Court. They point to two issues that they claim are controlling issues of law on which there is substantial ground for

difference of opinion and for which an immediate appeal could materially advance the termination of the litigation:

> 1) Does EPA's enforcement authority under the Clean Air Act allow it to disregard state permitting authority decisions embodied in a validly issued permit when EPA has not otherwise challenged the permit's terms?
>
> 2) Is Plaintiff required to prove that the project, itself, is the proximate cause of the emissions increase to establish that a "major modification" has occurred?

ECF No. 352, PageID.25236. The Government filed a Response on September 5, 2025, and Defendants filed a Reply on September 8, 2025.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal if it is of the opinion that three conditions exist: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). The party seeking the interlocutory appeal bears the burden of demonstrating that an immediate appeal is warranted. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). The Sixth Circuit has cautioned that requests for interlocutory appeal should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citation omitted).

3

Furthermore, the Supreme Court has held that, generally, "[r]estricting appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

## IV. ANALYSIS

### A. Controlling Question of Law

The first requirement for interlocutory appeal under § 1292(b) is that the order involves a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citation omitted).

The first controlling question of law identified by Defendants pertains to "the scope and extent of EPA's enforcement authority, and whether that enforcement authority is constrained by the *existing decisions* of a state permitting authority *embodied in a validly issued permit* that directly address the basis on which EPA's claims are being brought." ECF No. 352, PageID.25239-40 (emphasis in original). Defendants argue that this issue is controlling because "only by disregarding EGLE's determinations" could the Court find EES Coke liable for its Clean Air Act violations. *Id.* at PageID.25241.

Defendants point to three specific EGLE determinations that they claim preclude EES Coke's liability. First, they argue that EGLE conclusively determined

4

that EES Coke and U.S. Steel are the same stationary source, and that the Court "could only find that EES Coke's Project was a major modification" by disregarding this determination. *Id.* at PageID.25241. This argument rests on an inaccurate interpretation of the Court's order. At the Court's summary judgment hearing, EES Coke argued, for the first time, that determining whether a significant emissions increase occurred for purposes of the "major modification" analysis requires an examination of the entire major stationary source's emissions, rather than just those of the effected emissions unit. EES Coke further asserted that EGLE had determined that EES Coke and U.S. Steel are a single major stationary source, and that when their emissions are considered collectively, there has not been a significant emissions increase.

The Court rejected this argument. While Court expressed uncertainty as to whether EGLE had conclusively determined that EES Coke and U.S. Steel are the same stationary source for purposes of NSR, it reasoned that even assuming they are, the law provides that whether a significant emissions increase occurred requires looking at the emissions of the affected emissions unit, not those of the stationary source as a whole. Against this backdrop, EGLE's purported determination that EES Coke and U.S. Steel are the same stationary source is irrelevant to the significant emissions increase assessment, and thus this aspect of the Court's decision does not implicate a controlling question of law.

5

Second, Defendants claim EGLE determined that EES Coke's post-project compliance with New Source Review would be achieved by keeping its underfire emissions below the SO2 limit set forth in the 2014 Permit. However, Defendants point to nothing in the record supporting this purported EGLE determination. They instead point to two portions of their summary judgment briefing, where they acknowledge that the 2014 Permit imposed a SO2 emissions limit for the underfire and that EES Coke has remained in compliance with that limit. To the extent Defendants argue that those emissions should have been excluded in some manner in making the "major modification" determination, Defendants did not make that argument in their briefing, and thus it is waived. *See Alston v. City of Detroit Police Officers*, 717 F. Supp. 3d 618, 628-29 (E.D. Mich. 2024) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived—it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (cleaned up)). Because this issue has been waived, it does not implicate a controlling question of law.

Lastly, Defendants argue that, in issuing the 2014 Permit, EGLE determined that EES Coke was not required to comply with the reasonable possibility reporting requirements. According to Defendants, "[a]pplication of a different analysis—one that recognized EGLE's permitting decisions as controlling (unless and until EPA

6

properly challenged those decisions and the revised terms were incorporated into a new permit)—would result in summary judgment in favor of EES Coke." ECF No. 352, PageID.25242. Here too, however, nothing in the 2014 Permit itself excused Defendants from complying with the reasonable possibility reporting requirements. As such, Defendants have not demonstrated that whether EPA's enforcement authority is limited by a state environmental authority's permitting decisions is a controlling question of law that could materially affect the outcome of the case.

The second controlling question of law identified by Defendants is whether the Government must establish that the project was the proximate cause of the emissions increase to prove that a "major modification" has occurred. Here too, however, Defendants did not argue at summary judgment that the Government was required to prove proximate cause. As such, this issue is waived and does not present a controlling issue of law.

In sum, Defendants have not identified a controlling issue of law. Thus, this first requirement is not satisfied.

### B. Substantial Ground for Difference of Opinion

The second requirement for interlocutory appeal under § 1292(b) is that a substantial ground for difference of opinion exists regarding the correctness of a court's decision. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they

have already disagreed." *In re Trump*, 874 F.3d at 952 (citation omitted). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* (citation omitted). The Sixth Circuit has identified four circumstances where a "substantial ground for difference of opinion" arises:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted). Defendants have not identified issues that fall within any of these categories, and thus this requirement is unsatisfied.

### C. Advancement of the Ultimate Termination of the Litigation

The final requirement for interlocutory appeal under § 1292(b) is that an immediate appeal may materially advance the ultimate termination of the litigation. "Appeals fulfilling [this] criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (citation omitted). The Sixth Circuit has provided a few illustrative examples:

> We permitted review when a bankruptcy judge was set to allow a jury trial to proceed that it may have lacked authority to conduct. *In re Baker & Getty Fin.*

8

*Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). And we permitted review when a district court was poised to authorize invasive discovery on a complaint that could have failed to state a claim against the President of the United States. *In re Trump*, 874 F.3d at 952. So too when a court planned to oversee a trial between two parties that might have agreed to arbitrate their disputes. *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 360-61 (6th Cir. 2016). By contrast, where interlocutory review would not alter the litigation's path, *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002), and where the district court could swiftly proceed to a final judgment even without review, *Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966), we deferred consideration.

*Id.*

Here, trial is scheduled to begin in mere days. It is likely the Court will issue a final judgment in this case before the Sixth Circuit would even have an opportunity to decide whether to grant interlocutory appeal. Granting Defendants' motion would thus unnecessarily protract the Court's final resolution of this case. It would also "contravene the judicial policy opposing piecemeal litigation." *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 89 (E.D. Mich. 2022). Thus, this final requirement is also unsatisfied.

For the reasons stated, the Court finds that the requirements for interlocutory appeal under § 1292(b) are unsatisfied. Accordingly, Defendants' motion for interlocutory appeal is denied, and Defendants' motion to stay proceedings pending interlocutory appeal is denied as moot.

## V. CONCLUSION

Based on the foregoing, Defendants' Motion for Amendment and Certification of Order for Interlocutory Appeal [#352] is DENIED, and Defendants' Motion for Stay Pending Interlocutory Appeal [#353] is DENIED AS MOOT.

SO ORDERED.

Dated: September 11, 2025 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 11, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager